## JOSEPH OSBORN *versus* THE INHABITANTS OF DANVERS.

Whether a person, being an inhabitant of and resident in this State, is liable to be taxed here for his personal property invested in a mercantile establishment in another State, *quære*.

Where one is overrated by assessors, whether by including in the valuation, property of which he is not the owner, or that for which he is not liable to be taxed, his only remedy is by an application for an abatement, pursuant to the statute.

ASSUMPSIT for money had and received

Upon a case stated it appeared, that the plaintiff, on the 1st of May, 1825, was an inhabitant of Danvers ; that he seasonably exhibited to the assessors for the year a list of his estate ; that the several items in the list amounted, according to the valuation of the assessors, to 8,350 dollars ; that to this sum the assessors added 18,000 dollars, which they estimated as the value of personal property of the plaintiff not mentioned in his list, and which was then invested in a mercantile establishment for the transaction of commission business in the city of New York, in the name of the plaintiff and owned by him, but managed by his son as his agent ; that upon this valuation, amounting to 26,350 dollars, they assessed him, for town and county taxes, in the sum of 81 dollars and 48 cents ; that before the commencement of the action the plaintiff paid this sum, pursuant to a warrant issued to the collector of taxes for Danvers, and with a view to the institution of process to recover back 55 dollars and 80 cents, (the proportion assessed on the 18,000 dollars,) on the ground that it was assessed on property for which he was not liable to be taxed in Danvers. From depositions in the case it appeared, that for several years·the plaintiff had had a large amount of property under the care of his agent at New York, which was employed in making advances upon goods consigned for sale, and that the profits of the business, accruing from interest on the advances, and from commissions, were not withdrawn, but were added to the capital.

If the Court should . be of opinion that the plaintiff had maintained his action, judgment was to be rendered in his

favor for such sum as the Court should order ; if otherwise, he was to become nonsuit.

*Choate* contended that the plaintiff, being an inhabitant of and resident in Massachusetts, was not liable to be taxed for property which he had *bonâ fide* removed out of the State and placed under the jurisdiction of another State, with the intention that it should remain there permanently. In supporting this position he cited *Constitution, pt. 2, c. 1, § 1, art. 4 ; Anc. Charters, &c. 69, 70, 71 ; St. 1785, c. 50 ; 1820, c. 64 ; 1821, c. 107 ; Salem Iron Factory v. Danvers, 10 Mass. R. 514 ; Rising v. Granger, 1 Mass. R. 47 ; 7 Mass. R. 526 ; Putnam v. Johnson, 10 Mass. R. 501 ; Portland Bank v. Apthorp, 12 Mass. R. 255 ; Rex v. St. John Maddermarket, 6 East, 182 ; The King v. White, 4 T. R. 771 ; Earby's Case, 2 Bulstr. 354 ; Colman v. Anderson, 10 Mass. R. 118 ; Martin v. Mansfield, 3 Mass. R. 419 ; Amesbury W. & C. Manuf. Co. v. Amesbury, 17 Mass. R. 463 ; Statute of New York, of April 23, 1823, § 10.*

*Saltonstall* and *Proctor, contrà,* referred on this point to the authorities collected in 3 Pick. 136, 137, and 1 Mason, 408 ; 10 Mass. R. 514 ; 17 Mass. R. 463 ; *Gray v. Kettell,* 12 Mass. R. 161 ; *Little v. Greenleaf,* 7 Mass. R. 240. They also contended, that the tax had been paid voluntarily, and so could not be recovered back. *Bilbie v. Lumley,* 2 East, 469 ; *Knibbs v. Hall,* 1 Esp. R. 84 ; *Brown v. M'Kinnally,* ibid. 279 ; *Denby v. Moore,* 1 Barn. & Ald. 123 ; *Fullam v. Down,* 6 Esp. R. 26, note ; *Bromley v. Holland,* 7 Ves. jun. 23 ; *Brisbane v. Dacres,* 5 Taunt. 144 ; Chit. Contr. 190. And further, that this was a case of overrating merely, and the plaintiff's only remedy was an application to the Court of Sessions, pursuant to the statute, (1785, *c. 50,* § 10,) to have the tax abated. *Stowell v. Flagg,* 11 Mass. R. 364 ; *Gedney v. Tewksbury,* 3 Mass. R. 309, 310 ; *Andover, &c. Turnp. Corp. v. Gould,* 6 Mass. R. 44.

*Cummins,* in reply, said the ground of the plaintiff's dissatisfaction was, not that he was overrated, but that he was rated at all for his property in New York ; and in regard to the objection that the payment was voluntary, he said the case was

Osborn
*v.*
Danvers.

*Jan. 10th, 1828, in Suffolk.*

Osborn
v.
Danvers.

April term
1828.

precisely like that of *Amesbury W. & C. Manuf. Co.* v *Amesbury*, before cited.[1]

WILDE J. delivered the opinion of the Court. Whether the plaintiff was liable to be assessed in this State, for the personal property which he had in trade in New York, is an important question, upon which we are not in this case required to express an opinion ;[1] for admitting that he was not, still we think this action cannot be sustained. The remedy, and the only remedy, for an over valuation and assessment, is under the statute of 1785, c. 50, § 10, by which it is provided, that whenever any person shall be aggrieved by being overrated in the assessment of any tax, he may apply to the assessors to make a reasonable abatement ;[2] and if they refuse so to do, complaint is to be made, in nature of an appeal, to the Court of General Sessions of the Peace, who are authorized to relieve him.[3] This is an adequate and convenient remedy : but great mischiefs would follow, if we were to hold that an excess of valuation would render an assessment illegal and void. And it is immaterial whether the excess is caused by including in the valuation, property of which the person taxed is not the owner, or that for which he is not liable to be taxed. In both cases the remedy is the same. As the plaintiff was liable to taxation for his personal property, the assessment was valid, although he was assessed for more than his due proportion.[4] His only remedy is by application for an abatement ; for when a new right is created by statute, which at the same time provides a remedy for any infringement of it, that remedy must be pursued. 3 Mass. R. 309 ; 6 Mass. R. 44. Without, therefore, discussing the other points in the cause, we are of opinion that the plaintiff is not entitled to recover, and according to the agreement of the parties, a nonsuit must be entered, and judgment for the defendants for costs.

[1] But see *Preston* v. *Boston*, 12 Pick. 13, 14, 15.
[1] See Revised Stat. c. 7, § 9, 10.
[2] See Revised Stat. c. 7, § 37.
[3] Complaints of this nature must now be made to the County Commission ers. Revised Stat. c. 7, § 39.
[4] See *Preston* v. *Boston*, 12 Pick. 11, 12, 13.