### No. 10,368.

RED RIVER AND COAST LINE VS. C. H. PARKER, TAX COLLECTOR.

The amount of property as to description and valuation cannot be attacked in any other mode or within any other time than those prescribed by the statute.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis,* J.

---

*W. S. Benedict* for Plaintiff and Appellant.

---

*Walter H. Rogers,* Attorney General, and *Wynne Rogers* for Defendant and Appellee.

---

The opinion of the Court was delivered by

McENERY, J. Plaintiff alleges that notice was served at the domicil of the company in the city of New Orleans, to pay taxes due upon steamboats or water crafts owned by the company, amounting with interest to $2,274 80, and that the tax collector threatens to seize and will sell,

River and Coast Line vs. Tax Collector.

unless enjoined from so doing, the movable property of the company consisting of steamboats running in the port of New Orleans, with merchandise and engaged in commerce and navigation on the inland waters of Louisiana.

The plaintiff alleges that said company is not liable for the taxes assessed against it upon the movable property specified in the assessment rolls of the Board of Assessors of the Parish of Orleans for the years 1885 to 1887 inclusive, for the reasons that the property is not set forth in detail; that it does not designate the property upon which said demand for taxes is made, and that it is impossible to ascertain from said assessments what special property or properties, movable or movables, water crafts or vessels of any nature are to be designated by said assessment, and that it is null and void for uncertainty, and that any proceedings tending towards the seizure of the property threatened to be seized will be illegal and improper, null and void

An injunction issued as prayed for. On the trial it was dissolved without damages.

On the assessment rolls for the several years for which the property was assessed, it is described under the name of "Taxable Persons," "Red River and Coast Line, 46 Camp street," and under the blank for description of property—"cash value of stock or interest in all steamboats, steamships, ships and all other water craft in and out of the State,"—the assessment is for the year 1888, $45,000; and for the years 1887, '86, '85, for $85,000. The revenue acts of each of the years under which the assessment was made, provides the manner in which the tax payer can have the errors as to description and valuation corrected. If the tax payer fails to avail himself of the provisions of the law for his relief, after having been duly notified of the assessment, he cannot complain of the errors of description and valuation after the assessment rolls have been definitely closed for examination and correction. State vs. V. & A. Meyer & Co., 39 Ann. 206; 32 Ann. 157.

The plaintiff took no proceeding, either in the mode or within the time provided by the revenue laws of the years under which assessments were made, to correct the description or to object to the valuation of the property.

The property was placed on the assessment roll in 1885, and no objection having been made to the description of the property, the assessors might well presume that the plaintiff had no objection to urge against the description. The plaintiff acquiesced in it by long silence.

The objections herein urged have been repeatedly presented and as repeatedly held that the assessment could not be attached in any other manner than that prescribed by statute.

The plea of three years prescription, against the tax of 1885 can not avail the plaintiff as the assessment was made under the revenue act of1882, amended in 1834, which fixes the time of prescription at five years.

We see no reasons to allow damages or attorneys fees for the dissolution of the injunction, and the reconventional demand of defendant is rejected.

Judgment affirmed.