CITY COUNCIL OF MARION, Appellee, v. CEDAR RAPIDS & MARION RAILWAY COMPANY, Appellants.

Taxation: APPEAL FROM BOARD OF REVIEW: JURISDICTION OF DISTRICT COURT: BOND. Jurisdiction of the district court to review an assessment on appeal from a board of equalization is acquired by service of the notice of appeal, as provided by Code, section 1373, and failure to file a transcript of the proceedings before the board of review until the trial has begun will not oust the court of jurisdiction acquired by the appeal: nor is a bond required on such appeal.

Street Railway: MANNER OF ASSESSMENT. Code, section 1343, when properly construed, provides that a street railway is to be assessed as an organized money-earning whole, with proper allowance for its state of repair, and is not to be resolved into its component parts for separate listing and assessment.

Assessment of Street Railway: DIFFERENT DISTRICTS.    Where a
3    street railway extends into more than one taxing district, each
district should assess its portion of the same on the basis of
a fair and equitable valuation of the entire system.

Assessment of Franchise.    The franchise of a street railway com-
4    pany is not assessable, but the fact that the railroad is in suc-
cessful operation may be taken into consideration in fixing its
value.

*Appeal from Linn District Court.*—HON. H. M. REMLEY,
Judge.    -    .

SATURDAY, APRIL 11, 1903.

THE opinion states the case.—*Affirmed.*

*Chas. A. Clark & Son* and *Wm. G. Clark* for appellant.

*Voris & Haas* for appellee.

WEAVER, J.—The appellant, having its principal place
of business in Cedar Rapids, Iowa, owns and operates an
electric street railway between the cities of Cedar Rapids
and Marion; a part of its line and appurtenances being
within the corporate limits of the latter city.    By one of
its officers, appellant listed that part of the property
within the jurisdiction of Marion for taxation.    By the
plan adopted, instead of valuing the property in a single
item, as a railroad, or fractional part of a railroad, it was
listed as follows:

| | |
|---|---:|
| Track, etc. | $ 4,712 00 |
| Total actual value of personal | 3,652 00 |
| "        "        "    " real estate | 2,848 00 |
| "        "        "    " all property | $11,212 00 |
| Net.taxable  "        "    "    " | 2,803 00 |

The value $4,712, placed on "track, etc.," was based
on a schedule itemizing the rails, bars, spikes, ties, frogs,
poles, brackets, insulators, crossbars, and other materials
entering into the construction of the road and trolley
system, giving their estimated value, new (including

freight and labor), and diminishing the same from five to eighty per cent. for depreciation by wear and decay. The value, new, of the materials, with freight and labor, as thus shown, is $11,130.69, and the depreciated value $4,712. This estimate was accepted by the assessor and returned to the board of equalization, by which body the valuation of the appellant's property was increased by adding to the item "actual value of real estate" the sum of $900, and to the item "track, etc." the sum of $2,882. From this action of the board of equalization, the company appealed to the district court, where trial was had, and the appeal sustained as to the valuation of the item of real estate, but overruled as to the item of "track, etc.," the valuation of which by the board of review was confirmed. From this order both parties appeal. The railroad company, being the first to serve notice, is here designated as appellant.

I.    Appellee raises an objection to the jurisdiction of the district court to try the appeal from the board. of review, because of failure of the company to have a transcript of the proceedings of the board of review filed in said court. It appears from the abstract that this objection was made in the court below during the progress of the trial, and thereupon a continuance was had until the next day to enable appellant to supply such transcript, which was done, and the trial proceeded to judgment. Without a transcript before it, the court could not properly dispose of the merits of the case, and a dismissal of the appeal would of necessity follow. *Frost v. Board*, 114 Iowa, 103. And we have here to consider whether the filing pending the trial was sufficient to obviate this objection. The filing of the transcript is not a jurisdictional matter. Jurisdiction of the appeal by the district court is obtained by the service of a notice as prescribed by the statute. Code, section 1373. The notice being served, if the board of review neglect to send up the transcript it may result in a

*1.  Appeal from board of review: jurisdiction of district court: bond.*

dismissal of the appeal if the appellant neglect to obtain a proper order or rule requiring the performance of that duty by the board. Appellant may have been negligent in entering upon the trial without seeing that the transcript was on file, and, had the trial court refused to delay proceedings to allow the omission to be remedied, the party in default would have had no just ground of complaint; but, on the other hand, we cannot say that there was any abuse of discretion in permitting it. Nor do we think that the objection based upon the failure to file an appeal bond is well taken. The statute expressly provides that an appeal may be taken in proceedings of this kind "by a written notice to that effect to the chairman or presiding office of the reviewing board, served as an original notice." There is nowhere any direction or suggestion requiring a bond, and the court has no power to impose any such condition where the statute does not authorize it.

II. Section 1343 of the Code undertakes to direct the manner of assessing waterworks, gasworks, electric light and power plants, and street railways—property which to 2. Street railway a large extent is located in public streets and manner of assessment. highways. It is there provided that "the lands, buildings, machinery, poles, wires, overhead construction, tracks, conduits, and fixtures belonging to individuals or corporations operating railways by cable or electricity * * * shall be listed and assessed in the assessment district where the same are situated. But where any such property except the capital stock is situated partly within and partly without the limits of a city or town, such portions of the plant shall be assessed separately and the portion within said city or town shall be assessed as above provided and the portion without said city or town shall be assessed in the district or districts in which it is situated."

This statute is construed by the appellant as requiring the assessor to list its property within his jurisdiction, not

as a street railway or fractional part of a street railway, but as so many rails, ties, poles, wire, and other items of material, as indicated by the schedule already referred to. Appellee, on the other hand, takes the position that the entire railway is to be considered as a unit of valuation, and assessed as a single, completed system, except where the line extends into another taxing district, in which case the portion situated in another jurisdiction is to be there assessed as a fractional part of the line or system to which it belongs. It is also the contention of the appellee that in fixing the valuation of the property the assessor may take into consideration the franchise under which the road is operated. A reading of the section in question reveals that it was apparently drawn with care to exclude the idea of making the franchise a distinct item of valuation in an assessment of such property for taxation. It makes specific reference to the physical property, and by implication, at least, limits the power of the assessor to its consideration. But this by no means necessitates the conclusion that the assessor is restricted to a valuation of a mass of worn and depreciated materials, without regard to the fact that they are associated and organized into a completed, valuable, going railway. It is incredible that the legislature intended to require a street railway company to pay taxes, not upon the fair value of its railway as such, but simply upon the basis of what the secondhand material of which its line is composed would be worth if the road were to be dismantled and the worn remnants placed upon the market. As already stated, this statute has special reference to a class of property located in the public streets, and it seems to have been thought necessary to describe it with considerable minuteness. Whether this was to prevent any attempt to tax the intangible property which we call "franchise," or to avoid any claim on the part of owners that such property partakes of the public character of the street, and is therefore untaxable, we need not

determine. Whatever may have been the occasion which inspired the provision, its effect is to declare that the entire physical property of the railway, except the public soil upon which it rests, shall bear its equal share of the burden of taxation. The thing to be taxed is an electric railway, or some specific portion thereof, and not the steel, iron, and wood which have been employed in its construction. True, the condition of these materials, whether new or old, sound or decayed, would be a proper matter to be looked into in fixing the value of the property; but it still remains the value of the organized whole—the thing, and not its ultimate component parts—which is to be assessed.

If the owner of a traction engine, when called upon for the assessment of his property, should demand that, instead of valuing it at what it is fairly worth as an engine, the assessor must consider it as if dissected into frame, boiler, cylinder, piston, wheels, shafts, rods, and bolts, with a depreciation of from one-half to three-fourths for age and wear, we think that it would not be unjust to characterize the demand as unreasonable, and the basis of valuation absurd. Is the proposition any less unreasonable when applied to a street railway? In such structure the materials have become the correlated and appropriate parts of a single, income-producing concern, having a value of its own by reason of its organization and use, which may be much more or much less than the original value of the materials entering into its construction. And this is true without any reference to the franchise, which is another and different consideration. It is to be admitted that, if the statute clearly provided for the basis of assessment for which the appellant contends, the courts would have no choice but to interpret it accordingly; but, when the language of an act is doubtful or ambiguous, that construction should be given it which most nearly conforms to reason and justice. The legislature will not be presumed to have intended that which is unreasonable or absurd.

9 Bacon's Abridgment, p. 238-256, "Statutes," subds. 1-10; *Yarick v. Briggs,* 6 Page, 323; *Gibson v. Jenney,* 15 Mass. 205; *Neenen v. Smith,* 50 Mo. 525; *Kephart v. Bank,* 4 Mich. 602; *Parker v. Nothomb,* (Neb.) 93 N. W. Rep. 851.

To give the statute the construction desired by appellant, counsel quotes therefrom as follows: "The lands, buildings, machinery, poles, wires, overhead construction, tracks, and fixtures  *  *  *  *such* portions of said plant shall be assessed separately." By the use of the hiatus marked by asterisks in the quotation, the "portions" which are to be taxed separately are made to refer to the separate items first mentioned; but, by supplying the omitted words, we find the legislative declaration to be that, when the railroad property is situated partly within and partly without the limits of a city or town, "*such portions* of the said *plant* shall be assessed separately," and this we think is manifestly a very different proposition. The portions which are to be assessed separately are not the machinery, poles, wires, and other itemized elements in the construction of the road, but the portions or parts into which the railway property is divided by the boundary lines of the taxing districts through which it passes.

It is shown that one mile of the appellant's railway, or about one-sixth of the entire line, is within the limits of Marion; and, under the law as we have interpreted it, that city is entitled to have this part or portion of the property assessed at a fair and equitable valuation as a railway.

3. ASSESSMENT of street rail way: different district.

This does not necessarily mean an equal one-sixth of the entire railway property, for such an apportionment might often work an injustice to the owners or to the other taxing districts. On the other hand, it does not mean the value of this portion of the property would possess if wholly severed from the remainder of the railway of which it forms a part, or its value regarded as a mass of dead materials. It is rather such value as fair

and reasonable men, having knowledge of such matters, would place upon this mile of road as an integral part of the system to which it is attached; taking into due consideration its cost of construction, state of repair, and capacity and efficiency for the purposes for which it was created.

As already intimated, we think that the value of the franchise held by the corporation—the right to occupy the streets—is not the subject of assessment under the statute

**4. ASSESSMENT of franchise.** as it exists; but we see no reason why the fact that the railway is in successful operation, earning money for its owners, may not properly be considered by the assessor in estimating its value. All the evidence offered by the appellant upon the trial in the district court was directed to the one proposition—the value of the materials, freight, and labor in the construction of this portion of the road, and the depreciation in such value by reason of wear and decay. This, we hold, was an insufficient showing to justify the court in overruling the action of the board of review.

III. The order of the trial court restoring and confirming the assessor's valuation of certain real estate owned by the company in Marion has sufficient support in the record. The point made by counsel for appellee that this property should not have been separately assessed, but regarded as part of the railway for the purpose of taxation, is not involved in the issues before us. It was in fact separately assessed. The only question raised before the board of review was a question of values, and to that alone was the inquiry of the district court directed. There was no error in the order complained of.

The judgment of the district court is, upon both appeals, AFFIRMED