City Council of City of Marion, Appellant, v. National Loan &. Investment Company *et al.,* Appellees.

| 122 | 629 |
| 126 | 264 |
| 122 | 629 |
| 128 | 146 |
| 128 | 149 |
| 122 | 629 |
| 135 | 548 |
| 122 | 629 |
| 138 | 718 |
| 138 | 719 |

Taxation: APPEAL FROM BOARD OF REVIEW. Service and filing of proper notice of appeal from the action of a board of review on assessment of property, confers jurisdiction on the court under Code section 1373, although such notice does not state that the property owners appealing appeared before the board and made objections to their assessment, but a transcript should be filed as a basis for a decree.

Assessment: APPEAL: JURISDICTION. An appeal from a board of review on assessment of taxes must be based on the action of the board respecting complaints as to the assessment, which is jurisdictional, and failure to prove such 'fact, .where the record before the board does not disclose the same, will not confer jurisdiction authorizing a determination of the appeal, even though there is an undenied allegation to that effect.

*Appeal from Linn District Court.*—Hon. H. M. Remley, Judge.

Saturday, February 6, 1904.

This is an appeal from the action of the city council of the city of Marion, sitting as a board of review, in raising the taxation assessment of certain real estate situated in said city, and of which the parties named as defendants claim to be the owners. The clerk of the district court erroneously docketed the appeal; .the city council being designated as plaintiff, and the property owners as defendants. The cause was tried in the court below under such title without objection, and the record filed in this court is similarly entitled. The court below entered a decree reducing the assessment as made by the city, council to the sum originally fixed by the assessor, and the plaintiff appeals.—*Reversed.*

*Voris & Haas* for appellant.

*Jamison & Smyth* for appellees.

BISHOP, J.—The notice of appeal from the board of review was filed in the office of the clerk of the district court on June 3, 1901; that being the first day of the June term of
the district court in and for Linn county. Based
on such filing alone, the appeal was docketed
by the clerk. No further filings were made. or
proceeding had at the term of court then begun, nor were any steps taken at the regular August term following. At the term of court beginning in November, the matter of the appeal being called for hearing, defendants asked leave to file a transcript of the proceedings of the board of review and a petition. To this plaintiff objected, and filed a motion to dismiss the appeal for the reasons (1) that the appeal had not been taken as provided by law; (2) that the appeal had not been perfected by the filing of a transcript of the proceedings of the board of review; (3) that it was not made to appear that the appeal was based upon any complaint made before the board of review. This motion was overruled, and we think properly so. The appeal was taken by serving a notice upon the mayor of the city within the time required by law, which notice contained a description of the property affected, and the assessment made thereon by the assessor, and referred in sufficient terms to the action of the council in raising such assessment. Such notice also specified the court in which, and the time when, the appeal would be called for hearing. Section 1373 of the Code provides that in such cases "appeals shall be taken by a written notice to that effect to the chairman or presiding officer of the reviewing board, and served as an original notice. The court shall hear the appeal in equity, and determine anew all questions arising before the board," etc. The proper service of the required notice is the essential thing, from a jurisdictional viewpoint,

1. TAXATION: appeal from board of review.

and this we expressly decided in *City Council, etc., v. Cedar Rapids & M. C. Ry.,* 120 Iowa, 259. See, also, *Farmers' L. & T. Co. v. Newton,* 97 Iowa, 502; *Bremer Co. Bank v. Bremer County,* 42 Iowa, 394. But while jurisdiction is conferred by the service and filing of a proper notice of appeal, it is nevertheless proper that a transcript be filed; and the court should require the filing thereof, not only that the proceedings upon which the appeal is based may be clearly and fairly brought to the attention of the court, but that the court record may furnish a proper basis upon which to rest a decree. *City Council v. Cedar Rapids & M. C. Ry., supra; Frost v. Board,* 114 Iowa, 103. It is true that the notice of appeal in this case did not recite the fact that the appealing property owners had appeared before the board and made complaint of the raise in their assessment. The fact that such complaint had been made was quite material, as we shall see presently, but it was not essential that the notice should contain a recital thereof. If the fact was established on the hearing, this would be sufficient.

Leave was granted to the defendants to file a transcript, and thereafter they filed what purported to be a full transcript of the proceedings of the board of review. They also

2. ASSESSMENT: appeal: jurisdiction. obtained leave therefor, and filed an unverified petition. Without further pleading on the part of either party, the cause proceeded to a hearing. The defendants produced several witnesses who testified to the value of the property in question. They also introduced the assessor's book, showing the sum at which the property had been assessed, and the tax list and assessment rolls of the county, as far as the same had relation to such property; also a notice, signed by the city clerk, addressed to one of the defendants, having relation to the raise in the assessment, and fixing the time for hearing complaints. The plaintiff offered no evidence whatever, and, based upon the record as thus made, the court entered its decree reducing the tax valuation of the property in question to the sum originally fixed by the assessor. It is the contention of appellant in this court that

such degree was not warranted, for that, in the first place, the proof was insufficient to show that the board did in fact raise the assessment valuation of defendants' property; and, in the second place, there was no proof made that defendants, or any person for them, had appeared before the board and made complaint in respect of the alleged raise of assessment.

While the evidence is unsatisfactory, still we think it may fairly be gathered therefrom that the raise in valuation of the property of defendants, as alleged, was made, and therefore that the first ground of contention cannot be sustained. In our opinion, the second ground of contention is well taken. In substance, it is the provision of the statute (section 1373) that any person aggrieved by the action of the assessor in assessing his property, or whose assessment has been raised by the board of review, may make oral or written complaint thereof to the board at the meeting held for final action with reference to such matters, and appeals may be taken from the action of the board with reference to such complaints to the district court of the county, etc. It will be observed that the appeal is allowed from "the action of the board with reference to such complaints." It is not allowed from the action of the board in raising the assessment, save in so far as such action is involved in the action subsequently taken upon the complaint made. It follows that the fact that a complaint was made at the proper time is essential to jurisdiction, and a failure to make such fact appear in some competent way must be held to be fatal to the appeal. *Nugent v. Bates,* 51 Iowa, 77; *Burns v. McNally,* 90 Iowa, 432; *Frost v. Board, etc.,* 114 Iowa, 103.

We have, then, to determine whether the record before us discloses in any competent way the fact that such complaint was made by the defendants. It is not contended that the transcript filed shows the fact, or that any evidence was introduced upon the subject. Appellees rest their case in this respect solely upon the allegation of the petition filed by them, wherein it is said that such a complaint was made, and they

assert that, the council having failed to file any pleading in denial, the truth of the fact as alleged must be accepted by the court as established by confession.   It is the argument of counsel that, inasmuch as such matters are to be tried as a cause brought in equity, the rules governing equity pleading, and the character and sufficiency of the proof required in the trial of equity causes, as far as applicable, and, as well, all matters of procedure, are to govern.   The argument thus made goes too far.   The provision of the statute is that "the court shall hear the appeal in equity, and determine anew all questions arising before the board which relate to the liability of the property to assessment, or the amount thereof."   Without doubt this means that having the proceedings of the city council before it, the court shall proceed to a hearing *de novo,* and that equitable principles, rather than strict rules of law, shall dominate in the matter of the conclusion to be reached by the court.   But there is no requirement that any pleading shall be filed, and accordingly there was no necessity for an answer.   Certain it is that the city council could not be put in default for want of one.   This being true, it follows, as a matter of course, that, by its failure to plead, the city council made confession of no material fact necessary to be proven on the hearing.   True, a pleading on the part of an appealing property owner is appropriate enough, and this we said in *Farmers' L. & T. Co. v. Newton,* 97 Iowa, 502.   And we may infer that the petition in the instant case was filed as a basis upon which to bring to the attention of the court the fact that a complaint had been made, the transcript being silent on that subject.   Now, whether or not a recital in the transcript to the effect that complaint was made would be sufficient to establish the jurisdictional fact, is not a question in this case.   Simplified, the question is, whether a bare allegation in an unverified petition filed, unaided by any form of proof—undenied, however, by any written pleading filed—is of itself sufficient to warrant the court in proceeding to a decree?   This question, we think, must be answered in the negative.   It is to be observed

that the burden was upon the appealing property owners. It was incumbent on them to establish the fact of jurisdiction of the appeal, as well as to make proof of the facts under which they were entitled to a decree. No pleading being required, mere silence could not be accepted as an admission of any material fact involved in the right of the appealing parties to a decree. It follows that the rule which governs in the matter of making up issues in equity actions in general cannot apply here. There, by express provision of the statute, a defendant must deny on the record, or the facts pleaded by the plaintiff as constituting his cause of action may be taken as true. But aside from this, it is to be observed that here the court is called to an exercise of its appellate jurisdiction, and the fact that complaint was made before the board constitutes the basis of the whole subject-matter of the appeal, and hence is vitally essential to the exercise of such jurisdiction. The appeal could be taken only from the action of the board having reference to a complaint, and unless it be established not simply by matter of averment, but as matter of fact, that such complaint was made, and action taken thereon, there is no basis for the appeal, and jurisdiction is wholly wanting. Where jurisdiction depends upon the existence of certain facts, a mere unsupported assertion that such facts exist is not enough. The record must be made to show the essential facts, and this is true whether the opposing party fails to appear, or having appeared, he stands dumb before the court. Especially must this be true in a case triable as an equity action. No presumption can be entertained to the effect that jurisdiction as to the subject-matter appealed from exists. The record must show it. As in the case of an appeal to this court, we can proceed only when it appears as an affirmative fact, established by matter of record, that a judgment has been rendered from which an appeal may be taken. And consent of parties—much less, mere silence on the part of appellee—cannot be accepted as sufficient to take the place of a record showing the essential fact of jurisdiction. *Green v. Ronen,* 59 Iowa, 83; *Groves v. Richmond,*

58 Iowa, 54. While a mere assertion that jurisdiction of the subject-matter exists may be sufficient in many instances to warrant the court in proceeding to an inquiry, yet, before decree can be passed, the court must find that jurisdiction does in fact exist.

For the reasons pointed out, the decree must be, and is, REVERSED.