LAKE CITY ELECTRIC LIGHT COMPANY, Appellee, v. T. W. McCRARY, COUNTY TREASURER, AND CALHOUN COUNTY, IOWA, Appellants.

Taxation: OVER VALUATION: INJUNCTION. An injunction will not
1  lie to restrain the collection of a tax on the ground of over valuation of the property, especially until the amount the owner should pay is either paid or tendered; the proper remedy is by appeal from the assessment as provided by statute.

Attorney and client: AUTHORITY: PRESUMPTION. Where it appears
2  that the county attorney is disqualified to prosecute an appeal for the county because of his personal interest in the event of the suit, and that the attorney appearing for the county was duly appointed, it will be presumed that the appointee was authorized to prosecute the appeal, until the contrary is shown.

*Appeal from Calhoun District Court.*— HON. F. M. POW-ERS, Judge.

SATURDAY, DECEMBER 15, 1906.

ACTION in equity to enjoin collection of tax. Decree for plaintiff, and defendants appeal.— *Reversed.*

*J. B. McCrary,* for appellants.

*E. C. Stevenson,* for appellee.

WEAVER, J.— The plaintiff is the owner of an electric light plant in the city of Lake City, Iowa. The assessed valuation of this property, as listed and returned by the assessor of said city for the year 1900, was $8,000; for the year 1902, $7,500, and for the years 1903 and 1904, $12,-

000.   The taxes levied in each of said years on the taxable proportion of the assessed valuation have never been paid, and this action is brought to enjoin the treasurer from their collection.

The demand for this release from liability is based on the claim that the assessment of the property and levy of taxes thereon are void because the assessor, in fixing said

1. TAXATION: over-valuation: injunction.

valuation, included therein the value of the plaintiff's franchise as well as the value of the tangible property constituting the electric light plant. The evidence, relied upon to sustain this allegation, is found in a paragraph of an agreed statement of facts which reads as follows: " That when said assessments were made all the property, including franchises and every holding and asset of said institution, was taken and included in fixing the said assessments, and that the value fixed was the value of all of said holdings. That the value of all property embraced in the buildings, machinery, mains, poles, wires belonging to said corporation was, and is eight thousand dollars, and that with said franchises the total value is $12,000, the assessed value for said years." It is said in argument that, under the laws of this State, the franchise of a public service corporation is not taxable, and that the agreed statement of facts clearly shows that the taxes in controversy were levied upon the plaintiff's franchise, and are therefore void and uncollectible. Of the statute governing the assessment of such property (Code, section 1343) this court has said that it " was apparently drawn with care to exclude the idea of making the franchise a distinct item of valuation in the assessment of such property for taxation " (*Marion v. Railroad Co.,* 120 Iowa, 263) ; and if we had here an assessment of a franchise and levy of taxes thereon we should feel impelled, under the authority of this precedent, to sustain the decree entered by the trial court. But we find no such state of facts. The only property listed and assessed was the electric light plant. The fact, if it be

a fact, that, in arriving at its value, the assessor proceeded upon a wrong theory, or took into consideration elements and conditions which should have been left out of the calculation, and thereby gave to the property an exaggerated valuation, would have no effect to invalidate the assessment, or render void the levy of taxes thereon. Such an error is neither more nor less than an excessive valuation for the remedy of which the owner may apply to the proper board of review. This remedy, we have often held, is exclusive, and, if neglected or ignored, equity will not interfere to relieve the owner from his obligation to pay the taxes levied upon such assessment. See *Collins v. Keokuk,* 118 Iowa, 30, and causes there cited.

It is true that the tangible property of the plaintiff was of the agreed value of $8,000 and that, with its franchises, the total value was $12,000, a sum equal to the value fixed by the assessor, but this is by no means an agreement that the franchise was assessed for taxation; and, even if it were so agreed, it would be contradicted by the other agreed fact that the assessment listed and returned by the assessor was the single sum of $12,000 on the property of plaintiff. Had the assessor listed and returned the franchise as a subject of taxation upon a valuation of $4,000 and the present action had been brought to enjoin the tax levied upon that valuation, then the question which plaintiff seeks to raise would be pertinent. The stipulated fact is not that the franchise was assessed, but it is in substance that the fact of the existence of a valuable franchise was one of the facts which the assessor took into consideration in placing a value upon the electric light plant. Even if this were a wrong basis of estimating the value, it is an error which does not go to the jurisdiction of the assessor, nor render void the assessment made by him. Indeed, we think that the existence of the franchise and the fact that the light plant was a going concern instead of a mere aggregation of dead material were matters which the assessor was entitled to

consider in appraising the property, and that such valuation is in no manner inconsistent with the general proposition that the franchise as such is not a taxable item of property. It is not denied that plaintiff did have property on which it is in duty bound to contribute its proper proportion or share to the public revenues. The listed valuation as returned by the assessor is stated in gross in the single sum of $12,000. It is not within the province of this court to go behind that assessment, and separate the valuation so returned into two or more distinct items, some of which are and others of which are not proper subjects of taxation. The assessment of property is, within a limited sense, a judicial act, and where the statute provides a method by which such act may be reviewed, the person aggrieved by the assessment (at least so far as the matter of valuation is concerned), must pursue that remedy, or forever after hold his peace. In addition to our own cases on this point, see *Case v. Dean,* 16 Mich. 12; *Monroe v. Town,* 43 Conn. 309; *Mix v. People,* 116 Ill. 265 (4 N. E. 783); *Gas Co. v. January,* 57 Cal. 614; *Red River, etc., v. Parker,* 41 La. Ann. 1046 (6 South. 896; *Osborn v. Danvers,* 23 Mass. 98; *Howe v. Boston,* 61 Mass. 273; *Com. v. Cary,* 98 Mass. 19. Moreover, it is a fundamental principle that if any portion of the tax levied upon property is a valid and proper charge, a court of equity will not interfere by injunction until the sum which the owner ought to pay has in fact been paid or tendered. See Collins v. Keokuk, *supra,* and cases there cited; also, *Glass Co. v. McCaleb,* 81 Ill. 556.

These conclusions require a reversal of the decree appealed from unless appellee's objections to the jurisdiction of this court are to be held well taken. It is said that 2. ATTORNEY AND CLIENT: authority: presumption. counsel representing the appellant is not the county attorney, and shows no authority to take the appeal or to appear in the case. Assuming that this is a question which may be thus raised, we have to say that the record does disclose that the county attorney,

by reason of his ownership of stock in the plaintiff corporation, was disqualified to act, and that the attorney now appearing for the appellants was duly appointed to conduct the defense. As such we will presume that he was authorized to prosecute the appeal until, at least, there be some repudiation of his authority by his clients. It may further be suggested that although plaintiff saw fit to make the county a party defendant, it was not a necessary party, and the treasurer, whose acts were sought to be controlled by the injunction, had the right to employ counsel other than the county attorney to resist the issuance of the writ if he saw fit to do so. Nor would the treasurer be required to obtain the authority of the board of supervisors before taking an appeal from the injunction order.

The objection urged by the appellee cannot be sustained. For the reasons hereinbefore stated, the judgment of the district court is *reversed*.