C. PETERSON, Appellant, v. THE BOARD OF REVIEW OF THE TOWN OF CLARENCE, IOWA, Appellee.

Taxation: REVIEW OF ASSESSMENT: REMEDY. The statute provides
1 for an appeal from an assessment as finally settled by a board of review, and therefore an original action in equity will not lie to review the assessment, except when the board has acted without jurisdiction.

Same: JURISDICTION: NOTICE OF APPEAL. To give the court juris-
2 diction on appeal from the action of a board of review in the matter of an assessment of property, a written notice of appeal must be served as provided by statute, and unless failure to serve the notice is cured the court is not authorized to consider the merits of the controversy, even though the objection is not raised by counsel.

Same: TRANSCRIPT OF BOARD PROCEEDINGS. A transcript of the pro-
3 ceedings before the board of review must be filed in the district court to give the court jurisdiction, and for the purpose of defining the issues; and while it is permissible to file pleadings

on appeal they cannot be made a substitute for the transcript, and in its absence will not confer jurisdiction.

*Appeal from Cedar District Court.*— HON. MILO P. SMITH, Judge.

WEDNESDAY, JUNE 10, 1908.

The opinion states the case.    Appeal dismissed.

*W. G. W. Geiger,* for appellant.

*Chas. W. Kepler & Son,* for appellee.

WEAVER, J.— The record presented in this case is somewhat anomalous.   So far as the abstracts are concerned, the action appears to have been brought as an original action in equity to secure the reduction of an alleged excessive assessment of appellant's moneys and credits for the purposes of taxation, and, except for certain statements and expressions in the briefs of counsel, there is nothing whatever shown from which we may understand that the proceeding originated as an appeal from the action of the board of review.

It is too clear for argument that, the statute having provided for an appeal from an assessment as finally settled by the board of review, an original action in equity will not lie 1. TAXATION: review of assessment: remedy. for its review or cancellation, except where the board has acted without jurisdiction.   See *Carpenter v. Jones County,* 130 Iowa, 494; *Stevens v. Carroll,* 130 Iowa, 463; *Crawford v. Polk County,* 112 Iowa, 118; *Lake City Elec. L. Co. v. McCrary,* 132 Iowa, 624.

To give the district court jurisdiction to review the action of a board of equalization a written notice of appeal must be served within twenty day:   Code, section 1373; *Marion v. Investment Co.,* 122 Iowa, 629; *City Council v.*

*Railroad Co.,* 120 Iowa, 259; *Frost v. Board,* 114 Iowa,
103.  While a notice duly served is sufficient
to give the court jurisdiction, such notice of
itself presents nothing on which the court may
try the merits of the appeal, but to that end the appellant
must provide and file a proper transcript of the proceedings
of the board with reference to the assessment in controversy.
*Marion v. Railway Co.,* 120 Iowa, 261.  Such transcript
is required, not only that the proceedings upon which the
appeal is based may be clearly and fairly brought to the
attention of the court, but that the record may furnish a
proper basis upon which to render a decree.  *Marion v. In-
vestment Co.,* 122 Iowa, 631.

2. SAME: juris-
diction: notice
of appeal.

Now, the record in the case at bar is wholly barren of
any allegation or showing that any notice of appeal was ever
served, or that any transcript was ever made or filed.  This
omission of the notice goes to the jurisdiction of the district
court, and consequently to the jurisdiction of this court;
and, unless the defect is cured or waived by the statement
in appellee's brief that " this is an appeal from the board of
review," we are not authorized to consider the questions
raised by counsel upon the merits of the controversy, even
though the appellee has not raised the objection.  *McManus
v. Swift,* 76 Iowa, 576; *Whiton v. Fuller,* 77 Iowa, 599.

But, even if we assume that an appeal has been taken,
we are still without a transcript to which to look to ascer-
tain what complaint the appellant made to the board of re-
view or the action of the board thereon.  We
have held that the allegations of a petition
filed by the plaintiff in the district court after
an appeal is taken will not serve as a substitute for a tran-
script setting forth in some form the nature of the appellant's
complaint to the board and its action with respect thereto.
*Marion v. Investment Co., supra.*  In the same case we said:
" Consent of the parties, much less mere silence on the part
of the appellee cannot be accepted as sufficient to take the

3. SAME: tran-
script of board
proceedings.

place of a record showing the essential fact of jurisdiction." A moment's reflection will make clear both the necessity and propriety of this conclusion. If the parties in such proceeding may waive notice and transcript and by pleadings as in an ordinary case in equity make up an issue for trial, the court ceases to act therein as a trior of an appeal from the board, but as an assessor making an original assessment, an authority which we have repeatedly held it has no power to exercise. *Frost v. Board,* 114 Iowa, 103; *Farmers' Bank v. Fonda,* 114 Iowa, 727. The situation presented in this case illustrates the confusion sure to arise if this rule be ignored. For instance, the appellant asserts and argues his appeal upon the assumption that the only matter in issue before the board was whether he should be assessed for the amount of a certain loan made by him to one Horstman. This the appellee denies, and says that the item of the Horstman loan was but one of many aggregating a large sum of moneys and credits. To settle such a dispute there is but one authoritative and conclusive source of information, and that is the transcript of the proceedings of the board, and such transcript is not in the record, nor does it appear that one was ever made or filed. The statute contemplates the right of the parties to try an appeal of this nature upon the transcript alone, and, while it is permissible to file pleadings in the district court, they cannot, as we have already observed, take the place of or obviate the necessity of a formal appeal to give jurisdiction and a proper transcript to disclose and define, at least in general terms, the nature of the issue to be tried. *Marion v. Investment Co., supra.*

We cannot, therefore, undertake to decide the merits of the assessment in dispute, but will say in passing that we have read the entire record, and it fairly sustains the findings of the trial court upon the facts.

The appeal is *dismissed.*