F. J. SAAR, Executor of the Will of SOPHIA SAAR, Appellant, v. E. L. CARSON, as County Treasurer of Mills County, Iowa, Appellee.

**Taxation:** ASSESSMENT OF OMITTED PROPERTY: APPEAL: INJUNCTION. A county treasurer has jurisdiction to assess omitted property; and where executors were notified that property of the estate had been omitted from taxation and that the matter would be heard at a certain time, when the executor appeared and by agreement an adjournment was taken to a certain day, for the purpose of preparing an agreed statement of facts upon which to submit the matter to the court for a ruling; *It is held,* that upon failure to agree on a statement of facts and of the executors to appear before the treasurer on the adjourned day, it was competent for him to make the assessment, and the executors were bound to take notice thereof; and the action of the treasurer in making the assessment was at most erroneous, the remedy for which is an appeal and not a suit for injunction.

*Appeal from Mills District Court.*—HON. O. D. WHEELER, Judge.

TUESDAY, JANUARY 18, 1910.

ACTION in equity to enjoin collection of tax. Bill dismissed, and plaintiff appeals.—*Affirmed.*

*Flickinger Bros.* and *W. S. Lewis,* for appellant.

*Gilliland & Logan,* for appellee.

WEAVER, J.—The county treasurer, claiming to have discovered that certain property, moneys, and credits belonging to Sophia Saar in her lifetime had been withheld or omitted from assessment for the years 1901, 1902, and 1903, proceeded to assess the same, and to enter up taxes thereon for the several years above mentioned. The petition herein alleges that said assessment and taxation are void because: (1) No notice of the proceeding or proposed assessment was given by the treasurer, as provided by law; (2) no hearing upon the matter of the proposed assessment was ever had before said treasurer, as provided by law; (3) no notice was ever received by the executor that such assessment or levy had been made; (4) the executor never had in his possession or control the property attempted to be assessed or taxed; and (5) that the acts of the treasurer in that behalf were without the authority of law. The record shows without dispute that one Foote, representing a firm of tax ferrets employed by Mills County, claimed to have discovered certain moneys and credits belonging to Sophia Saar in her lifetime which had been omitted from taxation, and brought the matter to the attention of the county treasurer. Acting upon this information, the treasurer, on June 29, 1905, notified one of the executors of Mrs. Saar's will of the claim made, and that it would come on for hearing at the treasurer's office at ten o'clock a. m. of July 11, 1905. On the day named at least one of the executors appeared with counsel at the treasurer's office, and objected to the assessment, on the ground that the promissory notes constituting the credits in question represented merely advances made by the testatrix to her children, and were not properly subject to taxation. The discussion appears to have been carried on between counsel

for the executors and Foote, who was insisting upon the assessment, but the treasurer was present and heard all that was said. It further appears that no definite conclusion or agreement was then reached, and the hearing was continued to July 20, 1905, with some tentative suggestion or agreement that the parties would agree upon a statement of the facts, and submit them to a judge of the district court for a decision or opinion as to the law in the premises. Counsel for appellant did prepare a proposed statement of facts, which was sent to Foote, who declined to accept it, and proposed to have another statement prepared by other counsel. Nothing further being accomplished by way of stipulating the evidence, Foote wrote to the counsel for the executors on July 19, 1905, saying he thought the most advisable method for getting a judicial determination would be for the executors to take an appeal from the treasurer's assessment, "which will be entered tomorrow." On July 20th the executors did not appear in person or by counsel, and the treasurer entered up the assessment and tax now in controversy. No appeal from such assessment was ever taken.

To avoid the effect of the assessment counsel for appellant insist that no hearing was had before the treasurer, that so far as any hearing was had it was before Foote alone, who had no authority in the premises, and that it was Foote, and not the treasurer, who made the assessment. In this we think appellant's position is not borne out by the record. True, it is shown that when the executors and their counsel appeared before the treasurer in response to the notice given therefor, and made their objections to the proposed assessment, Foote, whose position was in effect that of agent for the county, carried on the discussion with counsel, and the treasurer relied very largely upon his advice as to the law of the case, but it clearly appears that it was the treasurer who entered up the assessment, and the statement in argument that such assessment was made by

Foote is not correct. Moreover, when by agreement of the parties the hearing had been continued from July 11th to July 20th, the executors and their counsel put in no appearance whatever on the adjourned day. It is also true, as we have already noted, that such adjournment was taken with a view of having an agreed statement of facts prepared and submitted to the court or judge for a ruling upon the law of the case; but the attempt to make such statement had failed, as the parties and counsel well knew, and it was competent for the treasurer to proceed on the adjourned day to the disposition of the matter in the usual way. This he did, and we think the executors were bound to take notice of the assessment, and, if dissatisfied therewith, to seek their remedy by appeal as provided by statute. Not having done so, equity will not interfere to enjoin the collection of the tax. *Stevens v. Carwell,* 130 Iowa, 463; *Comstock v. Eagle Grove,* 133 Iowa, 604; *Bednar v. Carroll,* 138 Iowa, 342; *Peterson v. Board,* 138 Iowa, 718. The statute gave the treasurer jurisdiction of the subject-matter. Due notice was given of the proposed action; and the assessment, if erroneous, was voidable only, and not void. For its correction the remedy by appeal was, as we have seen, exclusive.

It follows of necessity that the judgment of the district court dismissing the bill for an injunction must be, and it is, *affirmed.*