C. H. MURROW, Treasurer, v. H. R. HEATH, Appellant.

**Taxation:** ASSESSMENT OF OMITTED PROPERTY: APPEAL: JURISDICTION.
1  By the serving and filing of a notice of appeal by a taxpayer, jurisdiction is conferred on the district court to review an assessment of omitted property by the county treasurer.

**Same:** APPEAL: TRANSCRIPT OF ASSESSMENT. A copy of the treasurer's

demand upon a taxpayer for taxes upon omitted property, which is made in pursuance of the statute, stating the amount of property omitted in each of several years and the taxes due thereon, with interest, and introduced on appeal from the treasurer's assessment, is equivalent to a transcript of the assessment as entered in the omitted property assessment book; and where copies of the notice of appeal and of the notice of assessment and demand for payment of the taxes in form as above stated was made a part of the pleadings on appeal and introduced in evidence, the appeal should not be dismissed because of a failure to file a transcript of the assessment as entered in the omitted property assessment book.

**Same:** OBJECTIONS TO ASSESSMENT: TO WHOM MADE.  Where a property owner appeared before the county treasurer pursuant to his notice of demand for payment of taxes on omitted property, and was referred to another employed to assist him in the collection of such taxes, to whom the property owner made his objections to the assessment, the objections so made should be treated as made to the treasurer; and an appeal from the assessment of the treasurer should not be dismissed because the objections were not made directly to him.

**Same:** OBJECTIONS: FORM: SUFFICIENCY.  The objections to an assessment of omitted property, while essential to a review on appeal, may be either oral or in writing.  And where the notice of a proposed assessment merely described certain moneys and credits, the property owner's denial that he owned any such property and his claim that all taxes on his property were paid, were sufficiently specific to put in issue the general statements of the notice.

**Corporate stock:** ASSESSMENT.  Corporate stocks are not assessable as moneys and credits.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

FRIDAY, MARCH 11, 1910.

APPEAL from a decree confirming the county treasurer's assessment of omitted property.—*Modified* and *remanded.*

*J. K. Macomber,* for appellant.

*Clark & Hutchinson,* for appellee.

LADD, J.—About August 31, 1906, the defendant received from the county treasurer notice that, as informed, "certain moneys and credits" belonging to him or under his control, in the amount of $250,000 in 1906, and in each of the four preceding years, had been omitted from assessment, and September 14th at ten o'clock a. m. was designated as the time of hearing. At that time defendant appeared before the treasurer, but that officer referred him to the person employed under chapter 50, Acts 28th General Assembly, to discover omitted property, and commonly known as the tax ferret law, and after some conversation with the latter, hearing was postponed until the next day. The defendant returned, but the treasurer was away, and plaintiff denied to the tax ferret that he had any property not assessed or liable to assessment, and asserted that he had paid all taxes he owed. Later, and on the same day, but without other or further hearing, he received notice and demand signed by the treasurer, stating that he had listed and assessed property at the actual value of $250,000 for each of the five years, and that unless the taxes amounting to $26,149.46 were paid within thirty days, suit would be instituted therefor. The defendant appealed to the district court, and upon hearing a motion of the treasurer to confirm the assessment was sustained, and judgment entered accordingly. Thereupon the defendant appealed to this court.

I.    That jurisdiction was conferred on the district court by serving and filing the notice of appeal is settled by *City of Marion v. Ry.,* 120 Iowa, 259, followed in *City of Marion v. Investment Co.,* 122 Iowa, 629.

1. TAXATION: assessment of omitted property: appeal: jurisdiction.

Appellee contends, however, that the appeal should have been dismissed by the district court, as in effect it was, on the ground that no transcript of the treasurer's assessment was filed.

In the district court defendant filed a petition, to

which he attached copies of the notice of appeal and
of the notice of assessment and demand. This was amend-

2. SAME:
appeal:
transcript of
assessment.

ed, and a copy of the notice of the hearing
before the treasurer set out. On the trial,
the original demand signed by the treasurer
as such was introduced in evidence. It notified defend-
ant that he was assessed September 15, 1906, with prop-
erty omitted, overlooked, and not listed, and demanded
of him the amount the property should have been taxed
with interest as follows:

Property to the amount of $250,000, omitted
   in 1902; tax due $4,625; interest $1,040.63:
   Total ............................    $5,665.63
Property to the amount of $250,000, omitted
   in 1903; tax due $4,562.50; interest $752.81.
   Total ............................    5,315.31
Property to the amount of $250,000, omitted
   in 1904; tax due $4,531.25; interest $475.78.
   Total ............................    5,007.03
Property to the amount of $250,000, omitted
   in 1905; tax due $4,968.75; interest $223.59.
   Total ............................    5,192.74
Property to the amount of $250,000, omitted
   in 1906; tax due $4,968.75; interest ——.
   Total ............................    4,968.75

    Total amount due ..................... $26,149.46

To this was added that, unless paid within thirty
days, suit would be begun. It will be observed that this
is the demand exacted by section 1374 of the Code, and
purports to state the assessment as made, and on which
the payment of taxes and interest was demanded. It
was equivalent to a transcript of the assessment as entered
in the treasurer's omitted property tax list book; and,
as it was a paper such as the treasurer was authorized
to execute in the procedure prescribed by section 1374
of the Code for the collection of taxes, the court, in the

absence of anything to the contrary, should have treated it as sufficiently exemplifying the assessment as actually made. The trial proceeded on this theory. The absence of a transcript was not suggested at the hearing, and after the evidence had been introduced, the treasurer moved that the assessment as made by him be confirmed for that, among other things, it appeared that "H. R. Heath was assessed with moneys and credits," stating the amounts.

But appellee argues that a transcript has been held in former decisions to be essential to a review of an assessment.

In *Frost v. Board of Review,* 114 Iowa, 103, there was nothing before the court indicating complaint by the tax payer or showing an assessment. In *City of Marion v. Railway,* 120 Iowa, 259, the filing of a transcript was held not to be jurisdictional and therefore that the court did not err in allowing it to be filed in the course of the trial. This was followed in *City of Marion v. Nat. Loan & Ins. Co.,* 122 Iowa, 629, the court saying that: "While jurisdiction is conferred by service and filing of a proper notice, it is nevertheless proper that a transcript be filed; and the court should require the filing thereof, not only that the proceedings upon which the appeal is based may be clearly and fairly brought to the attention of the court, but that the court record may furnish a proper basis upon which to rest a decree." In *Peterson v. Board of Review,* 138 Iowa, 717, neither notice of appeal nor transcript was filed. Nothing in that case indicates an intention to overrule the cited cases, and all held was that to warrant a review of an assessment, such assessment, or the next best evidence thereof (a certified copy), must be before the court. What was said in the *City of Marion v. Nat. L. & I. Co., supra,* and quoted in the *Peterson case*— i. e., that "consent of parties, much less mere silence on the part of the appellee, can not be accepted as sufficient

to take the place of a record showing the essential fact of jurisdiction"—had reference to the making of complaint before the board of review and not to the filing of a transcript. The transcript is, in the nature of things, the only competent evidence of what the board of review has done, but the treasurer is required to notify the delinquent of the assessment of his property, and demand payment of the taxes. In so doing he is under precisely the same obligation to truly state the assessment and the taxes claimed as he would- be in certifying a copy of the omitted property assessment book. Being an instrument signed by the treasurer as such and authorized by law, it was sufficient to show all the facts essential to a review; i. e., the listing of the property and its valuation. As argued by appellee, the demand exacted by statute is not the assessment. Neither is it the transcript. But each is an official statement of what the assessment is, one a recital thereof by the treasurer as a basis of collecting the taxes levied, and the other a certified copy thereof, and one is entitled to the same credit in the absence of some reason to the contrary as the other. The court, as it confirmed the assessment, must have declined to dismiss the appeal, and in this there was no error.

II. According to the evidence, defendant responded to the notice fixing a time for the hearing of the complaint by the county treasurer that omitted property should be assessed to him, and was by that officer referred to the tax ferret, to whom he objected to any further assessment by asserting that he "had not property but what had been assessed," that he "had no property liable to assessment," and that he "had already paid all that he owed." Without commenting on the impropriety of the treasurer's conduct, we may assume that, as these objections were made to a person officially employed to assist him "in the discovery of property not listed and assessed as required by law,"

3. SAME: objections to assessment: to whom made.

they came to his knowledge, and, this being so, should be treated as urged upon the treasurer at the alleged hearing. This was done at the hearing, for the treasurer based his motion to confirm in part on his statement that defendant had "appeared and made objections, verbally objecting to any assessments of property omitted from assessment." Having in effect directed defendant to lay his objections before the tax ferret, the treasurer is not in a situation to assert, in the absence of any showing to that effect, that these were not communicated to him by that person. Either defendant was denied a hearing, in which event the assessment would be void, or he was given a hearing by considering objections communicated through the tax ferret; and, as defendant has treated the assessment as valid by appealing therefrom, and the treasurer conceded at the hearing that the objections were made to him, there is no ground for dismissing the appeal, for that objections to the assessment were not made to the treasurer.

Such objections may be oral or in writing, but need not be formal, though essential as a basis of a review in the district court. *City Council of Marion v. Investment Co., supra.* But it is said the objections were too general. They were no more general than the notice asserting the several amounts of "moneys and credits" omitted from taxation. By denying that he had any such property, and claiming to have paid taxes on all he had, he distinctly put in issue the equally general claims of the treasurer. Not being apprised of the specific property the treasurer claimed had been omitted, he was not in a situation to make a more definite objection, nor was he required so to do. As contended by appellee, the objections amounted to a denial of the right to assess any property to him as omitted. This was sufficient to put in issue the assessability of any of the "moneys and credits" referred to in the notices. See *Wahkonsa Ins. Co. v. Ft.*

4. SAME:
objections:
form:
sufficiency.

*Dodge,* 125 Iowa, 148; *City of Marion v. Ins. Co.,* 122 Iowa, 629. There is nothing in *Gibson v. Cooley,* 129 Iowa, 529, to the contrary. There the only objection was to the form or substance of the preliminary notice required by chapter 50 of the Acts of the Twenty-eighth General Assembly. No objection whatever was interposed to the claim of the assessing officer that property had been omitted as stated, or to its valuation. Here the right to assess any property as omitted was specifically challenged, and the contention that, if some property was assessable, this did not put in issue the amount is utterly without merit.

III. The only evidence bearing on the merits was that of defendant. He was seventy-eight years of age, with memory somewhat impaired. Because of this, it is difficult to ascertain with accuracy the amount of moneys and credits omitted. It appeared that, with others, he disposed of an oatmeal mill at Ft. Dodge in 1901, and as part compensation received bonds of the Western Cereal Company in the sum of $33,000. He appears to have disposed of a portion of these in 1901. At least, he testified to having but. $1,500 left in 1902. As he retained $8,000 of those up to the time of the trial, and exchanged bonds to the amount of $10,000 in 1905 for mining stock, he must have had bonds of the face value of $18,000 in 1902. We are satisfied that none of these were included in the assessments of 1902 or 1903 or thereafter. The testimony that these bonds were worth eighty-eight cents on the dollar was undisputed. No other items of moneys and credits were proven.

The notice made no claim that stocks had been omitted from the assessments, and as these were not assessable as moneys and credits, it is unnecessary to ascertain whether any had been omitted or their value. *Wahkonsa Ins. Co. v. Ft. Dodge,* 125 Iowa, 148.

5. CORPORATE STOCK: assessment.

We conclude that bonds of the face value of $18,000 should have been assessed to defendant in each of the years 1902 to 1905, inclusive, and of the face value of $8,000 in 1906, and that the actual value was eighty-eight cents thereof, and the cause is remanded for the entry of an appropriate decree.

*Modified* and *remanded.*