WAHKONSA INVESTMENT CO., Appellant, v. THE CITY OF
    FT. DODGE, AND THE TOWN COUNCIL OF SAID CITY
    ACTING AS A BOARD OF REVIEW, Appellee.

**Loan and trust companies:** TAXATION. Under Code, section 1323,
1  loan and trust companies are not to be assessed on moneys and
    credits, but upon corporate stock.

**Assessment:** OBJECTION: APPEAL. The oral complaint to a board of review by a loan and trust company, that it was improperly assessed on moneys and credits, was sufficient to authorize it to raise that question on appeal, although it failed to point out to the board the proper method of assessment.

**Loan and trust companies:** ASSESSMENT: ESTOPPEL. The objection by a loan and trust company to previous assessments on corporate stock, and a previous contention that it should be assessed as a savings bank, did not estop it either by record or *in pais* from subsequently insisting on the statutory assessment of its corporate stock.

**New assessment on appeal.** Where a loan and trust company has been assessed on its moneys and credits instead of its corporate stock as provided by statute, the assessment is erroneous, and on appeal the court has no authority to reclassify the property and make a new assessment.

*Appeal from Webster District Court.*— HON. J. R. WHITAKER, Judge.

WEDNESDAY, JULY 13, 1904.

THIS is an appeal from a judgment of the district court on an appeal from an assessment made against the plaintiff by the city council of the city of Ft. Dodge, acting as a board of review. This board ordered an assessment against the plaintiff on moneys and credits in the sum of over $59,000. The trial court on appeal changed the assessment to "corporate stock," and reduced it to something like $48,-000. From this order, plaintiff appeals.— *Reversed.*

*Healy Bros. & Kelleher,* for appellant.

*M. J. Mitchell* and *C. W. Hackler,* for appellees.

DEEMER, C. J.— Plaintiff is a loan and trust company doing business in the city of Ft. Dodge, with a capital stock of $50,000, divided into 400 shares, of the par value of $125, but of the actual value of $150 each. In the year 1901 the then assessor called upon plaintiff's secretary, and presented

to him a blank to be filled out for the purposes of assessment. Pursuant to this request the secretary filled out the blank, which showed the following:

" ASSETS.

Amount of money on hand or in transit......$    425 03
Amount of credits, consisting of bills receivable. 59,486 31

Total assets ........................$59,911 37
" LIABILITIES.

Amount of all deposits made with us by others. .$59,911 37

"The amount of capital stock of said corporation is $50,000.00. The amount of surplus of said corporation is $32.05. The amount of undivided earnings of said corporation, none. The amount of the capital of said corporation actually invested in real estate is $50,000.00."

The assessor also obtained the last report made by the secretary to the directors of his company, which made the following showing:

Resources —

Loans ....................................$111,700 23
Real Estate ........................... 1,659 64
Cash on hand...................... 425 03

$113,784 90

Liabilities —

Capital stock ........................$ 50,000 00
Deposits ............................ 59,911 37
Expenses paid ...................... 641 55
Net Gain ........................... 3,232 05

$113,784 97

He also made some investigation as to the number of mortgages standing in plaintiff's name, as disclosed by the county records. After obtaining this information, he made no assessment against the plaintiff, but presented the matter

to the defendant as a board of review, with nothing but the name of the plaintiff company upon his books; the amount and character of the assessment to be made, if any, being left blank. He also returned to the board the statement which had been made to him by the secretary, and also presented a copy of the secretary's report to his company. The defendant, sitting as a board of review, proposed to raise, or, rather, to assess, the plaintiff company on moneys and credits to the amount of $59,911.37; being the exact amount of its assets as shown by the statement made to the assessor. Plaintiff appeared by counsel and objected to this assessment, the record made by the secretary for the board reciting the following: " Objected to as illegal, exorbitant, unjust, and not authorized by the assessment laws of the State." There is some conflict in the evidence as to just what these objections in fact were, as they were orally pronounced; and the clerk, as he says, did no more than record the substance thereof. We are satisfied that this attorney objected to assessing anything against his company for moneys and credits, claiming that the board could not legally do so. We are also satisfied that some member of the board asked him as to how it should be assessed, and that he finally answered that they could find that out in court. Much was said between this attorney and the various members of the board, and it is doubtful if either side was in a strictly judicial frame of mind at the time the objections were heard. At a subsequent meeting of the board this assessment of moneys and credits was approved. The assessor was present at the time, but instead of entering this assessment, or order for assessment, on his books as against or upon " moneys and credits," he entered it as upon " corporation stock." He does not claim that he had any authority for so doing, and there is no doubt that the only assessment made by the board was upon moneys and credits. The district court, when the matter came before it on appeal, evidently changed this assessment to " corporation stock," deducted the value of

real estate actually owned by the company from the value of the stock, and ordered an assessment as heretofore stated. It not only changed the amount of the assessment, but placed it upon a different kind of property from that ordered by the board of review.

The first point made by appellant is that it could not be assessed on moneys and credits, and that the action of the board was therefore illegal and void. There is no doubt 1. LOAN AND that plaintiff is a loan and trust company — TRUST COM- PANIES: indeed, that is practically conceded — and the taxation. primary question is, may it be assessed on moneys and credits? Section 1323 of the Code provides, in substance, that "loan and trust companies shall be assessed upon the value of corporation stock, and in arriving at the value of such stock, the amount of their capital actually invested in real estate owned by them shall be deducted from the value of such shares, and such real estate shall be assessed as other real estate, and the property of such corporation shall not be otherwise assessed." As the statute provides a method for the assessment of plaintiff's property, that method is exclusive. There can be no doubt of this where, as here, the statute expressly provides that the property of such corporation shall not be otherwise assessed. *Layman v. Iowa Co.,* 123 Iowa, 591.

II. Appellee      nds, however, that the objections made by plaintiff befu     the board of review were not sufficient to raise the point   ust determined. Section 1373 of 2. ASSESSMENT: the Code provides, in substance, that any per- objection; appeal. son whose assessment has been raised, or whose property has been added to the assessment rolls, shall, if aggrieved thereby, make oral or written complaint thereof to the board of review, which shall consist simply of a statement of the errors complained of, with such facts as may lead to their correction. As has been observed, the complaint in this case was oral, and there is some dispute as to the exact purport thereof. There is no doubt, however, that

the board understood plaintiff was contending that it was not assessable on moneys and credits, and that such assessment was without authority of law. For some reason — the exact cause being a matter in dispute — the board was not informed by plaintiff as to how it thought it should be assessed, but we are not sure that plaintiff was bound to furnish this information. As said in *Brown v. Town of Grand Junction*, 75 Iowa, 488: "He [it] was not required to show that it did not have other property upon which he [it] was liable to taxation." Referring to such complaint, we said in *Burns v. McNally*, 90 Iowa, 436: "It will be observed that the law does not limit the right of appeal in such cases from a judgment or order of the board. Nor does it require any particular form of objection to be made by the aggrieved party. He must appear, and if, when he so appears before the board of equalization, he, in any form, makes his grievance known to the board, it is sufficient to give him the right to appeal from its action, if it be unfavorable to him. If his grievance is understood by the board, it matters not as to the manner in which he presents his case. The board is not a court. The statute requires no pleadings or papers to be filed, presenting his objections to the assessment. The proceedings are intended to be, and are in fact, informal. The statute is intended to allow an aggrieved taxpayer an opportunity to ask and have a correction of an assessment, and no formalities are required as to the manner of bringing the matter before the board."

There is no doubt in the instant case that the board understood the nature of plaintiff's complaint — that it could not be assessed on moneys and credits — and, under the decision just quoted from, this was a sufficient complaint. The cases relied upon by appellees are not in point, nor is their citation of authorities with reference to what should be presented to the district court as a basis for its action. In the face of the record now before us, we must assume that the district court had jurisdiction of the case; hence *Frost v.*

*Board,* 114 Iowa, 103, and *Farmers' Loan & T. Co. v. Town of Fonda,* 114 Iowa, 728, are not controlling. Moreover, the plaintiff filed a pleading in the district court reciting all the facts, and referring specifically to all the actions of the defendants, sitting as a board of review. The jurisdictional question is neither presented by the record, nor is it argued by counsel.

III. Next it is argued that plaintiff, by its conduct in past years in objecting to assessments made against it, estopped itself from claiming that the present assessment is invalid. It is true that in the year 1898 plaintiff did object to the assessment of corporate stock against the corporation itself, but it was finally so assessed, as we understand it. But in arriving at the amount the several stockholders were permitted to deduct the amount of their respective indebtedness from the value of the stock. We are also constrained to believe that in these former years the plaintiff company claimed that it was a savings bank, and was not properly assessable as a loan and trust company. But this was not such an adjudication as would estop it by record, nor do we think it should be treated as an estoppel *in pais.* Each year stands by itself, so far as these matters are concerned, and what is done by either the board or the property owner cannot be relied upon as the basis of an assessment for subsequent years. This being true, prior statements made by an owner as to the assessable nature of his property will not estop him for all future time to question the legality of assessments made against his property. Moreover, plaintiff's articles of incorporation were recorded, and were notice to the world of the character of its business. There never were any misrepresentations by the plaintiff company as to the facts relating to its organization, or to the conduct of its business. At all times the question was as to how it was to be assessed, under the law. The amount and character of its property were never in issue. Plaintiff's

prior statements with reference to this proposition cannot be made the basis of an estoppel.

IV. ⁻ But it is said that the board merely made a mistake as to the classification of plaintiff's property, in calling it "moneys and credits," instead of "corporation stock," **4. NEW ASSESSMENT ON APPEAL.** and that no prejudice resulted. There is no doubt that the board made,a mistake, but it is not so clear that it was without prejudice. It must be remembered that this is not a collateral attack upon the assessment, but a direct appeal from the action of the board. If the board made a mistake, then, of course, on direct appeal, the mistake must be corrected; and the question is, how may that be done? The trial court thought. it might be done by calling "moneys and credits" "corporation stock," and deducting therefrom the amount of real estate actually owned by the company. The board of review did not make any such assessment. It did not endeavor to find out the amount of real estate owned by the corporation. Its sole purpose in making the assessment, as shown by the record, was to ascertain the amount of moneys and credits held by the plaintiff; and this it undertook to do, for it examined, or was informed in a general way, not only as to the number and amount of mortgages appearing upon the records, but it also had the financial statement made by plaintiff's secretary to its board of directors before it. There was not a word spoken or written at any time during this controversy which indicated that the board was intending to assess corporate stock, save the entry by the assessor after the matter was settled, which entry was without authority. ⌐The mistake, then, of the board of review, in assessing to plaintiff moneys and credits, is such an one as should be corrected on appeal. The only issue before the district court was whether or not plaintiff could rightfully be assessed on moneys and credits, and it was not authorized to try some other issue. ⌐It was not an assessing tribunal. See the Frost & Farmers' Loan & Trust Co. Cases, *supra.*

But it is argued that there was nothing more than a mistake as to classification, and that no prejudice resulted, in any event. The district court found that plaintiff was prejudiced to the extent of more than $11,000 in the assessable value of its property, for the reason that it had that amount invested in real estate, and it proceeded to correct the assessment accordingly. Plaintiff was contending both before the board of review and the district court that it had more than the amount of its capital stock invested in real estate, and that, if corporation stock was to be made the basis of assessment, it should be allowed to deduct this real estate. If it was to be assessed on moneys and credits it could not, of course, deduct real estate. The two assessments are to be made under distinct and separate theories. Assessed as corporate stock, the corporation could not deduct either its own or its shareholders' indebtedness as such, but, assessed on moneys and credits, it could deduct its own indebtedness. Assessed on moneys and credits, it could not deduct the value of the real estate owned by it, but, assessed on corporate stock, it could. That the amount found by the trial court in this case on the theory of corporate stock came within $11,000 of the amount found by the board as on moneys and credits is not controlling either way. The fact  is that the board made a mistake, and that the trial court so found; but, as it thought the mistake did not materially prejudice plaintiff, after the reduction of the assessment by something like $11,000, it concluded that the matter was simply one of classification, and that the mistake should be condoned.

What we have said illustrates the difficulties to be apprehended when a court undertakes to make a new assessment. On appeal that is not what it is called upon to do. The issue in such cases is the correctness of the assessment as made by the board of review, in view of the complaints lodged against it by the taxpayer. This is the point of differentiation between the present case and *Robbins v. Ma-*

*goun,* 101 Iowa, 580, and *Wilson v. Cass Co.,* 69 Iowa, 147.
Each of those cases was an equitable action to enjoin the
collection of taxes, and in each it is said that, for the cor-
rection of such mistakes as were here made, application
should be made to the board of review. The necessary
corollary from this is that, if the board fails to properly
assess, the matter may be corrected on appeal, for the statute
with reference to appeals in such cases provides that " the
court shall   *   *   *   determine anew all questions arising
before the board which relate to the liability of the property
to assessment or to the amount thereof." Under our hold-
ings, the court, under this statute, cannot make a new as-
sessment, and, if it finds there has been a mistake as to the
liability of the property to assessment, it must reverse the
case. Our duty in the premises is, of course, the same as
that of the district court. For the purposes of this case, it
is manifest from what has already been said that there is a
distinction between moneys and credits and corporation
stock — quite as much, it seems to us, as between moneys
and credits and ordinary personal property. As to the lat-
ter, we expressly held in the *Brown Case, supra,* that an
assessment on personal property — that is to say, on a stock
of merchandise — could not be changed, on appeal from the
board, to an assessment on moneys and credits, although in
that case it appeared that, if the owner did not have title to
the stock, he certainly had either the money received there-
for, or credits in its stead. There, as here, the property was
all personal in character, but the method of assessment of
the two kinds of property was so different as to require the
pronouncement of the rule referred to.

V. Lastly it is argued by appellee that as plaintiff's
objections are not to the amount, but simply to the classifi-
cation of the property, the judgment of the trial court should
not be disturbed. The difficulty with this argument is that
it is based on false premises. There was objection not only
to the amount, but also to the character of the assessment.

The trial court found that it was something like $11,000 too much, and changed it from "moneys and credits" to "corporation stock." It is practically conceded that the trial court proceeded on an entirely different theory from that adopted by the board of review. The court did not undertake to find the amount of plaintiff's moneys and credits, but, as we have said, took the plaintiff's statements as to the amount of capital stock, and made that the basis for its assessment, whereas the board ascertained the amount from a statement of plaintiff's assets and liabilities, and assessed the same as moneys and credits.

The trial court was in error in making a new assessment, and the board of review was wrong in assessing the plaintiff on moneys and credits. The judgment will therefore be reversed, and the cause remanded for a decree in harmony with this opinion.— *Reversed*