FRANK W. GIBSON, TREASURER OF JACKSON COUNTY, IOWA, Appellant, v. ELDAD COOLEY, Appellee.

Taxation: ASSESSMENT OF OMITTED PROPERTY: APPEAL. A property
1  owner duly served with notice to appear before the treasurer and show cause why he should not be assessed on certain omitted property, can only urge on appeal such objections to the assessment, not going to the jurisdiction of treasurer, or the objection that the assessment was wholly void, as were made before him.

*Appeal from Jackson District Court.—* HON. J. W. BOL-INGER, Judge.

WEDNESDAY, FEBRUARY 7, 1906.

THE opinion states the case.—*Reversed.*

*C. M. Thomas* and *W. H. Palmer,* for appellant.

*W. C. Gregory,* for appellee.

WEAVER, J.— On January 1, 1901, the appellee was a resident of Jackson county, Iowa. He had formerly resided in Jones county, Iowa, where a few months previous he had entered into a contract for the sale of his farm for the sum of about $11,000, the sale to be consummated on March 1, 1901, by delivery of a deed to the purchaser and of notes and mortgages by the purchaser to secure the deferred payments. The assessor of the taxing district in Jackson county where appellee resided made no assessment to him of moneys and credits. At the first meeting of the board of equalization, appellee's assessment was increased by charging him with $11,000 in moneys and credits, but at a subsequent meeting upon objection being raised to such increase it was ordered by the board that the " raise of $11,000 on Eldad Cooley be remitted, he not having notes, until March 1, 1901." On April 12, 1904, the appellant as county treasurer of Jackson county served written notice on appellee to appear before him and show cause why he should not be assessed on moneys and credits to the amounts of $11,000 omitted from the assessment of 1901. On the day named the appellee appeared at the treasurer's office, but raised no objections to the proposed assessment other than an oral objection of some character to the form or substance of the notice which had been given him. The hearing was thereupon continued to April 25, 1904, at which time the appellee did not appear, and the treasurer assessed to him the sum of $11,000 for moneys and credits omitted from the assessment for 1901. From this assessment the defendant appealed to the district court, where he filed an answer or objection to the finding of the county treasurer, on the following grounds: (1) That appellee did not have and was not chargeable with any taxable moneys and credits for the year 1901; and (2) that the matter of the assessment of said alleged moneys and credits had been adjudicated by the local board of review for the said year 1901. The appellants move to strike the said objections because it does not ap-

pear that they were raised in any manner before the treasurer at or before the time when the assessment was made by that officer. This motion was not ruled upon by the trial court, and evidence was introduced tending to show a state of facts substantially as hereinbefore cited. The court found for the defendant, and the plaintiff has appealed to this court.

As we view the record the question decisive of this appeal is one of practice only. Was it incumbent upon the taxpayer to make known to the treasurer in some form the nature of his objections to the proposed assessment in order to have the benefit thereof on appeal? Or can he withhold the issue he proposes to raise and present it for the first time on appeal in the district court? The statute is not specific in its requirements in this respect, and it is quite evident that the Legislature did not intend to invest the procedure before the county treasurer with all the formalities which pertain to an action in court, yet the hearing partakes somewhat of a judicial nature. The statute expressly provides for service upon the property owner of the " time and place where objection to the proposed listing and assessment may be made." . Laws 28th General Assembly 1900, page 34, chapter 50, section 1. This implies the right of the property owner to appear and make known his objections and the duty of the treasurer to consider and pass upon the same. The appeal provided for in the same section is to be taken and tried like appeals to the district court from the findings of the board of review. Referring to Code, section 1373, we find that such appeals are tried " in equity " and that the court is to " determine anew all questions arising before the board which relate to the liability of the property to assessment or to the amount thereof." It is the questions " arising before the board " which the district court is to try on all appeals from the board of equalization; and the act of the Twenty-eighth General Assembly having adopted this procedure for appeals from assessments by the county treas-

urer it follows that the questions to be determined are such and such only as have been in some manner raised before such treasurer. See *City of Marion v. Investment Co.,* 122 Iowa, 629.

The entire responsibility of determining the legal propriety of the assessment rests primarily upon the county treasurer, and justice to that officer and to the county and state which he represents demands that the objecting taxpayer shall disclose his hand and make known to the officer the reasons, if any there be, why the assessment should not be made. It is to be presumed that if a sufficient showing be made against the assessment the treasurer will do his duty and dismiss the proceeding; but if, wrongfully or by error of judgment, he overrules the objections and proceeds to make the assessment, an appeal will bring all the questions thus raised into the district court for re-examination *de novo.* This is the orderly course of procedure, one which commends itself to one's common sense as well as to his sense of justice, and we regard it clear that such is the intent of the statute. It is undoubtedly true that the objections raised before the treasurer may be of the most informal character and may be quite indefinite and general in statement and need not be reduced to writing, yet if in some manner they bring to the treasurer's attention the general nature of the claim made in resistance of the assessment they will be held sufficient. *Burns v. McNally,* 90 Iowa, 436; *Investment Co. v. Ft. Dodge,* 125 Iowa, 148; *Schoonover v. Petcina,* 126 Iowa, 265. We are not to be understood, however, as holding that an objection which goes to the jurisdiction of the treasurer will be waived, or that a tax or assessment which is wholly void in its inception will be rendered valid by failure of the taxpayers to appear and object thereto. But in no case have we said that a person who has been properly served with notice to make his objections to a proposed assessment may remain silent, and then, upon appeal, raise objections which were in no

manner suggested or brought to the attention of the treasurer, and this we necessarily must hold to affirm the ruling appealed from. While we believe that very great liberality should be shown in this class of cases in support of the right of review by the district court on appeal, we are not prepared to go to the extent thus indicated.

The question of burden of proof in this class of cases is argued by counsel. In City of Marion v. Investment Co., *supra*, we held in substance that the burden is upon the person seeking to reverse or set aside an assessment, and we still think this to be the better rule. We do not go into the merits of the assessment made by the treasurer. It is quite possible that the alleged order of the board of review in vacating the assessment of appellee's moneys and credits for the year 1901 would have been a complete defense to the treasurer's claim, but that issue was in no manner directly or indirectly raised before the treasurer, and under our view of the law it was not available on the trial of the appeal. Other questions argued need not be considered.

The judgment of the district court is reversed, and cause remanded for further proceedings in harmony with this opinion.— *Reversed.*