In re Listing and Assessing Property of Shields Brothers, etc.

134 559
d138 586

**Contracts:** variance of writing by parol. As against a stranger
1 to the writing the parties may show by parol that it was intended the instrument should operate as an option rather than as an absolute contract for the sale of land.

Taxation: OPTION CONTRACT FOR SALE OF LAND. A contract grant-
ing a mere option to purchase land in the future on specified
terms is not taxable against the grantors as a credit.

*Appeal from Pottawattamie District Court.*— Hon. A. B.
Thornell, Judge.

Monday, May 20, 1907.

Acting on the assumption that Shields Bros. were the
owners as of date January 1, 1903, of a credit item consist-
ing of a land contract, so called, in the amount and value
of the sum of $9,650, which credit item had been withheld
from assessment and taxation, the treasurer of Pottawattamie
county entered on his books an assessment against said firm
in said sum. An appeal to the district court resulted in an
affirmance of the assessment, and this appeal followed.—
*Reversed.*

*H. L. Robertson,* for appellant.

*John J. Hess,* for appellee.

Bishop, J.— The land contract in question was en-
tered into on June 23, 1902, and was a contract for the
sale of a farm situated in Pottawattamie county by Shields
Bros. to one J. A. Flynn. It was recited in the contract
writing that the said Shields Bros. " hereby agree to sell to
the second party on the performance of the agreements of
the second party as hereinafter mentioned," etc.; further,
that said Flynn, " in consideration of the premises hereby
agrees to purchase . . . the real estate above described
for the sum of $10,150. and to pay said sum therefor to the
first party as follows: $500. on the execution of this agree-
ment, $9,650. in three payments, to wit: First payment,
March 1, 1903, $1,500.; second payment, a note for $1,500.,
due May 15, 1903, interest from March 1, 1903; third pay-
ment, balance of $6,650. . . . a mortgage on the above

described premises running five years from March 1, 1903, with interest. . . . Deed to be delivered and possession given March 1, 1903. And the first party [Shields Bros.] shall pay all taxes . . . on said property . . . for the year 1902." It is then recited that, if default shall be made in payment, " in consideration of the damage, injury, and expense thereby resulting . . . this agreement shall be void and of no effect, and the second party shall have no claim in law nor equity against the first party, nor to the above mentioned real estate; and any claim, or interest or right the second party may have hereunder . . . or any payments made hereunder, shall on such default cease and determine and become forfeited without any declaration or act of the first party. . . . But if said sums of money and interest are paid as aforesaid . . . the first party will . . . execute and deliver a warranty deed to said premises as above agreed."

Shields Bros. appeared before the treasurer pursuant to notice, and, in writing, objected to an assessment on the grounds, first, that the contract between the parties, as evidenced by the writing and by the facts and circumstances attending the making thereof, was not intended or understood to be a contract of sale, or one creating an absolute indebtedness; that, on the contrary, it was a mere option, giving Flynn the right to purchase in the future on the terms and conditions specified, and that it was so intended and understood by the parties thereto; second, that an assessment based on said contract as an item of credit would result in double taxation. And it was upon the issues as thus outlined that the case was tried below and is now presented in this court. The hearing was had in the district court as in equity, and on such hearing the appellants brought into the record proof of the circumstances attending the making of the contract. Each of the respective parties to such contract were called to the stand, and, over objections as to competency, etc.,

1. Contracts: variance of writing by parol.

testified that it was their understanding that a mere option
to purchase was all that was in contemplation and being
granted; that they informed the scrivener that such was
their contract, and supposed he had so written.   A contract
rests in the intention of the parties thereto.   It is true by
general rule that, where the contract has been committed to
writing, the nature and extent of the undertakings must
be ascertained by an inspection of such writing.   Oral evi-
dence is not allowable to work a change or variance in the
terms, conditions, etc., as fairly expressed by the writing.
But this rule is enforced only where a controversy arises be-
tween the parties to the contract or their privies.   As against
a stranger to the contract, a party thereto may assert that
the agreement was other or different — in any respect and
to any extent — than that which the writing imports.   *Liv-
ingston v. Stevens,* 122 Iowa, 63; *Logan v. Miller,* 106
Iowa, 511; *Roberts v. Bank,* 8 N. D. 474 (79 N. W. 997);
11 Am. & Eng. Ency. 548, note; Page on Contracts, sec-
tion 1196 *et seq.*

Now, it may be doubted if the writing here in ques-
tion imports a sale.   In terms the agreement is for a sale
— not an agreement of sale.   There was to be no change in
possession in virtue of the contract, and the
appellants were to pay the taxes on the lands
for the current year.   Moreover, if Flynn
failed to present himself on March 1st following, and make
payment, etc., the money paid as of the date of the contract
was to be regarded as forfeited, and all his rights should at
once, and without action on the part of appellants, cease
and determine.   But, however this may be, we must treat
the contract as one granting only the right to exercise an
option.   The parties to it so intended and understood; and,
as we have seen, all other parties are concluded from assert-
ing that it was other or different.   And as against a stranger
it is not necessary that the writing be reformed in an action
brought for that purpose before the real contract can be

2. TAXATION:
option contract
for sale of
land.

asserted and made the basis of a recovery or defense. *Logan v. Miller, supra.* Now, an option is not a contract to pay. It creates no enforceable indebtedness on the part of the person to whom it is granted. *Hopwood v. McCausland,* 120 Iowa 218; Warvelle on Vendors, section 125. And, this being true, there cannot arise out of such a contract a taxable credit within the meaning of the tax laws of the State.

We conclude that the court below was in error in sustaining the assessment as made by the county treasurer, and accordingly the judgment appealed from must be, and it is, *reversed.*