JOHN H. MONTGOMERY, Appellant, v. MARSHALL COUNTY, IOWA, and ERASTUS CORNELL, County Auditor, Appellants.

**Taxation of land contract:** FRAUD. One holding a contract of sale of real property can not avoid the taxation of the same by an indorsement thereon signed by the parties to the effect that the same is a mere option to purchase, when made without any intention of changing the real import of the original contract but solely with a view of thus avoiding taxation; and the taxing officers may show that the purported modification was a mere sham and not intended to affect the contract as between the parties.

**Same:** NOTICE OF ASSESSMENT: WAIVER OF DEFECTS. Where a taxpayer appears in response to an assessment notice he can not complain of the form or insufficiency of the notice, or that the same was not signed by the auditor.

**Same:** ASSESSMENT. Where the auditor in fact makes an assessment it is immaterial that it was done at the instance of a tax ferret.

**Same:** OBJECTION TO ASSESSMENT: WAIVER. A taxpayer can not for the first time on appeal raise the question of the authority of the auditor to make an assessment, but by waiting until the

appeal is taken he waives the defect, if any.  By express provision of the Code, however, the auditor is the proper person to make an assessment.

*Appeal from Marshall District Court.*—HON. C. B. BRADSHAW, Judge.

WEDNESDAY, JANUARY 11, 1911.

SUIT in equity to set aside and cancel an alleged assessment of plaintiff's property.  The trial court granted the relief prayed, and defendants appeal.—*Reversed and remanded.*

*Burnham & Egermayer* and *McCoy & McCoy,* for appellants.

*Anthony C. Daly,* for appellee.

DEEMER, J.—There is some controversy as to whether this proceeding is an appeal to the district court from an assessment made by the county auditor upon certain moneys and credits withheld by plaintiff from taxation, or a direct action in equity in the district court to set aside the assessment.  However, as the parties in effect concede that the questions argued could be as well presented in one proceeding as the other, it will be unnecessary to say just what the proceeding is, further than to announce that it involves an assessment made by the county auditor of omitted property.  There can be no doubt under the record that at one time plaintiff held a written contract for the sale of land which under our previous decisions was taxable for the year 1908, and that this contract was held by plaintiff in the form in which it was originally written down until about July 6, 1907, when an apparent change was made in the contract by the following writing indorsed thereon:  "This contract gives an option merely to said

Thirlby to purchase the land herein described, and this contract is hereby in that particular amended, modified and qualified this 6th day of July, 1907, so as to give Thirlby a mere option to purchase, regardless of the binding obligation otherwise imposed by the contract prior hereto. [Signed] John H. Montgomery. C. A. Montgomery. Thomas Thirlby." The parties whose names are signed thereto were the makers of the original contract. The testimony conclusively shows that this change was made in order to make the contract nonassessable as a credit held by plaintiff, and just as conclusively shows, as we think, that it was a mere sham, and did not, in fact, change the terms of the contract at all. Indeed, the contract was carried out according to its terms, and, but for the purported change, it would have been assessable as a contract. Plaintiff did not testify to any change in the original contract, and the other party to it testified that it was the talk and understanding that the indorsement was to make no change in the contract, and that he was to have the land according to the terms of the original agreement. This 'purported change in the contract was, we think, purely colorable, and was not intended by either of the parties to be a modification of the original agreement. That the county and its officials, strangers to the contract, may show that the purported modification was a mere pretext and a sham, and was not intended as a modification of the original contract, is clear. *Livingston v. Stevens,* 122 Iowa, 67; *In re Assessment of Shields,* 134 Iowa, 559; *Ranson v. City of Burlington,* 111 Iowa, 78; *In re Assessment Stockyards,* 149 Iowa, 5; 1 Cooley on Taxation (2d ed.), 769; *Meyer v. County of Dubuque,* 49 Iowa, 196.

Unless then there be something in some of the other points made by appellee against the assessment, the judgment should be reversed. These points are: (1) That he had no proper notice of the proposed assessment; (2) that the notice given was insufficient in form; (3) that

the notice was not signed by the county auditor; and (4) that the auditor made no assessment. As plaintiff appeared in response to the notice, he can not be heard to question its form or sufficiency. *Kilmer v. Gallaher,* 116 Iowa, 669; *Richards v. Town,* 72 Iowa, 79. Moreover, the notice in this case is identical in form with that given in appeal of *Pitt v. Seaman,* 135 Iowa, 543. The auditor, in fact, signed the notice, and plaintiff admits that he received it. The county auditor in fact made the assessment. That he did it upon the recommendation of a "tax ferret" is entirely immaterial. *In re Morgan,* 125 Iowa, 252; *Saar v. Carson,* 145 Iowa, 525. Plaintiff at no time until the case reached this court claimed that the auditor was not the proper official to make the assessment, and he waived the defect in the proceedings if there was any such defect. *Gibson v. Cooley,* 129 Iowa, 529; *City v. Investment Co.,* 122 Iowa, 629.

Moreover section 1385-b, Code Supplement, provides that the auditor shall make the assessment.

There was no such defect in the proceedings leading up to the assessment as justified the trial court in annulling it.

For these reasons the judgment must be reversed and the case remanded for one in harmony with this opinion.— *Reversed* and *remanded.*