In the Matter of the Appeal from the Assessment of the Valley Investment Company from the Board of Review of the City of Des Moines and A. J. Mathis, Mayor. VALLEY INVESTMENT COMPANY, Appellee, v. BOARD OF REVIEW, ET AL., Appellant.

**Taxation:** ASSESSMENT OF CORPORATIONS. Domestic corporations are to be assessed on the actual value of their corporate stock, diminished by the amount of capital invested in real estate; and the valuation placed on the real estate by the assessor determines the amount to be deducted from the value of the capital stock.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

WEDNESDAY, JUNE 7, 1911.

THIS is an appeal from an order of the district court in reviewing upon appeal an action of the Board of Review of the City of Des Moines sitting as an assessment tribunal in determining the amount of property of the Valley Investment Company subject to assessment for the year 1908. The trial court found that the assessment made by the assessor upon the stock of the company to the amount of $8,000 was erroneous, contrary to law, and void. The City of Des Moines and the Board of Review thereof appeal.— *Reversed.*

*R. O. Brennan, J. M. Parsons,* and *F. D. Williams,* for appellants.

*Thomas J. Stevenson,* for appellee.

DEEMER, J.—The assessor of the city of Des Moines in assessing personal property for the year 1908 valued the stock of the Valley Investment Company, a corporation organized under the laws of this state, at $98,000. From this assessment he deducted the sum of $90,000, the amount at which the real estate of said corporation had been valued for the purposes of taxation for the years 1907 and 1908, and returned an assessment on said stock against said corporation and its stockholders in the sum of $8,000. Objections to this assessment were made by the company to the board of review of the city of Des Moines, but these were overruled, and the assessment was confirmed. Appeal was thereupon taken by the company to the district court, where the action of the board of review was reversed and the assessment declared illegal and void. The case was tried upon an agreed statement of facts, and from this it appears that the company is capitalized in the sum of $98,000; that in the year 1908 it filed with the assessor a report showing that it had received as capital the sum of $98,000; that it owned no other property than real estate in

the city of Des Moines which was already assessed; and that it was then indebted in a sum of from $900 to $1,900. The assessor thereupon made the following assessment: "Valley Investment Company and Stockholders, District 2, School District West Des Moines. Fully paid-up stock as per verified statement on file $98,000. Less real estate, $90,000. Actual value $8,000." It is agreed that the company invested all its capital in real estate, and that this real estate had been assessed for taxation in the year 1907 for the years 1907 and 1908 at $90,000. And it is further agreed that the company possesses no other property which might give value to its stock, save and except its franchise. In making the assessment for the year 1908, the assessor placed no valuation upon the company's real estate, but took the valuation placed upon it for the year 1907; that being one of the years in which real estate is valued for assessment. This valuation was $90,000. He did not re-value the real estate at that time, but took the assessed valuation as conclusive in arriving at the amount for reduction from the valuation of the stock. It was agreed for the purposes of trial, however, that the company had actually invested $98,000 in real estate. The appeal involves a construction of several sections of our revenue law, reading as follows:

The shares of stock of any corporation organized under the laws of this state . . . shall be assessed to the owners thereof, at the place where its principal business is transacted, the assessment to be on the value of such shares on the first day of January in each year; but in arriving at the total value of the shares of stock of such corporations, the amount of their capital actually invested in real estate owned by it, either in this state or elsewhere, shall be deducted from the real value of such shares, and such real estate shall be assessed as other real estate, and the property of such corporation, except real estate situated within the state, shall not be otherwise assessed. Every such corporation annually, on or before the twenty-fifth day of January, shall furnish to the assessor of the assess-

ment district in which its principal place of business is located a verified statement showing specifically, with reference to the year next preceding the first day of January then last past: (1) Total authorized capital stock and number of shares thereof; (2) number of shares of stock issued and par value of each; (3) amount paid into the treasury on each share and the total capital paid in; (4) description and value of each tract of real estate owned by said corporation; (5) date, rate percent and amount of each dividend declared, and the amount of capital on which each such dividend was declared; (6) gross and net earnings, respectively, during the year, and amount of surplus; (7) amount of profit added to sinking fund; (8) highest price of sales of stock between the first and tenth days of January of the current year; (9) highest price of sales of stock during the preceding year, and average price of such sales. (Code, section 1323.)

In deducting, under the provisions of this chapter, the value of the real estate from the actual value of the properties, shares or capital stock of any person, association or corporation, the actual value at which said real estate is valued by the assessor or other taxing officer or body, where the same is assessed, shall be the value thereof. (Code, section 1324.)

On the one side it is contended that the company was entitled to have deducted from its assessment the amount of capital actually invested in real estate owned by it, while, on the other, it is argued that it is not entitled to deduct more than the value of such real estate, and that under the terms and provisions of section 1324 this value is that at which the real estate was valued for taxation by the assessor or other taxing officer or body. If the case stood upon the provisions of section 1323 alone, it would be a troublesome question. That says, in effect, that the amount of capital actually invested in real estate shall be deducted from the value of the shares. But it also requires a showing by the corporation as to the value of each tract of real estate owned by it, and also statements showing the value of the shares of stock. These latter requirements

seem to indicate that it is the real value of each which is to govern. In view of the doubt created by the language used in this section, as well as to furnish a rule for other cases where the money invested in real estate, or real estate is to be deducted, the Legislature enacted section 1324 of the Code before quoted, which seems to settle this controversy. That section is plain and unambiguous, and unless, as appellee contends, inapplicable to section 1323 of the Code, absolutely controlling. It is suggested by appellee that section 1324 is not applicable because it has reference only to cases where the value of real estate is to be deducted. This, it seems to us, is begging the whole question. The money actually invested in or the value of real estate which is to be deducted in other instances in the chapter in which section 1324 of the Code is found are no more specific than in section 1323, and we are constrained to hold that it is as much applicable to section 1323 of the Code as to any other section therein. This being true, it furnishes the measure of reduction which is the value fixed by the assessor or other taxing body or officer. As real estate is listed and valued in each odd numbered year and this valuation carried forward into the next year, it follows that the valuation by the assessor in the odd numbered year, if the corporation then owns the real estate, is conclusive as to its value. Appellee's counsel contend, however, that this amounts either to double taxation or to a tax upon losses in investments, and this expression from *Bank v. City Council*, 86 Iowa, 32, is relied upon: "In this case the bank has $13,500 of its capital stock invested in its bank building and other real estate. This is taxable as other real estate. It was thus taxed. Manifestly, if the $50,000 capital stock is assessed and taxed without regard to the portion thereof thus invested in real estate, it will amount to double taxation of the stock to the extent of the $13,500. In other words, if the appellee's theory is correct, it is lawful to tax the entire

capital stock of $50,000, and then, in addition, tax real estate which is acquired by an investment or use of $13,500 of this same stock. We think such a result would not only be most inequitable and unjust, but would be clearly in violation of both federal and state statutes."

This quotation, while accurate enough in the connection in which it appears, does not correctly represent the doctrine of the case. The real decision was to the effect that the assessment should be on the actual value of the stock diminished by the proportionate value of the real estate owned by the corporation. That is what we hold here, although under section 1324, we go one step further, and hold that the value is fixed by the assessment. There is no double taxation here. Nor is there any taxation by reason of loss on real estate. If there was a loss of $8,000 on real estate, it did not in any manner affect the value of the stock; this for the reason, we suppose, that the real estate was valued too low, had a potential value not estimated by the assessor, or the corporation franchise in itself added value to the shares of its stock. If there was any great or substantial loss in the real estate, all the corporation's assets being invested in real estate, this would have affected the value of the stock. The likelihood is that the real estate was not listed and valued at its actual worth. We may well take judicial notice of the fact that, even under the present law, real estate is not valued for assessment at its true worth. The so-called loss was apparent rather than real, and there is no reason why the corporation stock should not be assessed at its true value deducting the value of the real estate in which the capital of the company was invested. If the value of such real estate rises or falls, it affects automatically the value of the shares of stock; assuming, of course, that any great proportion of the capital is invested in real estate. The trial court was in error in deducting the amount of capital invested in real estate

rather than the value thereof, and it therefore erred in cancelling and setting aside the assessment.

The judgment must therefore be, and it is, *reversed.*