In the matter of the Assessment of the FARMERS LOAN & TRUST COMPANY OF SIOUX CITY, IOWA.

**Taxation:** ASSESSMENTS: WHO MAY APPEAL. Members of a board of supervisors are county officers within the contemplation of the statute, and are authorized to file objections to an assessment of property with a board of review, and to appeal to the court from its action.

**Same:** ASSESSMENTS: DEDUCTIONS: OBJECTIONS. Objections to an assessment of property are not required to be very specific, but are sufficient if they indicate with reasonable certainty those matters to which exception is taken. Thus the objection that the assessment of a loan and trust company was not an adequate assessment, comprehends the contention that the assessment was too small; and the objection that the sums deducted for real estate were not those directed to be deducted by statute includes the error of deducting the value of the real estate, instead of the amount of capital actually invested therein; and that large sums had been deducted because of claimed investment in federal bonds and stocks of corporations, was sufficient to question the legality of deducting the value of bonds of any kind.

*Appeal from Woodbury District Court.*—HON. JOHN F. OLIVER, Judge.

FRIDAY, JUNE 7, 1912.

THE assessor of Sioux City assessed the Farmers' Loan & Trust Company as follows:

Capital, surplus, and undivided profits......$300,577 70
Less real estate otherwise as-
   sessed ....................$189,405 99
Less Hanford Produce Company
   stock otherwise assessed under
   merchant and manufacturing
   statute ................... 97,000 00
                  —————— 286,455 99

   Balance hereby assessed..............$ 14,171 71

The offset for Hanford Produce Company stock held as made by reason of resolution of board of supervisors of Woodbury county, Iowa, of date November 15, 1906.

Corporation stocks and shares net as per above de-
   ductions ..............................$14,172

   Total actual value..................... 14,172
Taxable value of personal property at 25 percent
   of net actual value....................... 3,543

D. B. Shonts, a taxpayer of the county who had been employed by the board of supervisors to discover property omitted from taxation, filed with the board of review written objections, and four members of the board of supervisors in a separate writing duly signed by them joined therein. The council of Sioux City, sitting as a board of review, approved the assessment as returned by the assessor, and a notice of appeal to the district court addressed to the mayor of Sioux City as chairman of the board of review in due form, and signed by said members of the

board individually and by them in the name of Woodbury county, was served on the said mayor. A transcript was filed and the cause docketed. Thereupon the Farmers' Loan & Trust Company appeared, and moved that the appeal be dismissed for that the court was without jurisdiction, in that (1) no appeal bond had been filed; (2) the appeal was not taken by a person authorized to prosecute the same; (3) was not taken by the county, city, township, or school district interested; and (4) the statute under which taken is unconstitutional, in that it undertakes to confer on the district court other than judicial powers. Subject to the ruling thereon, a transfer to the equity side of the calendar was prayed. By way of amendment to this motion, the ground was added that no complaint was made to the city council of Sioux City, Iowa, sitting as a board of review by the appellant herein, or by any one by law authorized to complain in said matter, that the value as affixed by the assessor of the capital, surplus, and undivided profits of the said appellee, were not the correct value thereof, nor that the value fixed on items deducted therefrom were not the correct values thereof. Neither is it denied that the items so deducted have been otherwise assessed, nor is there any complaint that there was any property belonging to the said appellant which was not listed for taxation. The motion to dismiss was overruled, and from such order the Farmers' Loan & Trust Company appeals.—*Affirmed.*

*J. W. Kindig* and *Shull, Farnsworth & Sammis* for appellant.

*Struble & Struble* and *McCoy & McCoy* for appellee.

LADD, J.—A taxpayer with whom four members of the board of supervisors of Woodbury county joined, filed with the local board of review of Sioux City objections in writ-

ing to the assessment of the Farmers' Loan & Trust Company. These were overruled by that body, and the assessment as returned by the city assessor approved. Thereupon the four members of the board of supervisors by serving notice in due form signed by them individually and in the name of Woodbury county upon the mayor of the city undertook to appeal from the action of the board of review to the district court of Woodbury county. By motion to dismiss this appeal, the Farmers' Loan & Trust Company challenged the jurisdiction of the court to consider such appeal on several grounds, only two of which are argued: (1) That the members of the board of supervisors are not county officers, and therefore are not authorized to appeal from an assessment by the board of review; and (2) objections to the assessor's return were insufficient.

I.   Section 1373 of the Code Supplement, after providing for complaint by the owner of property aggrieved by the action of the assessor is assessing his property to the board of review and an appeal from its ruling to the district court, reads:

Any officer of a county, city, town, township or school district interested, or a taxpayer thereof, may in like manner make complaint before said board of review in respect to the assessment of any property in the township, city or town and an appeal from the action of the board of review in fixing the amount of assessment on any property concerning which such complaint is made may be taken by any of such aforementioned officers. Such appeal is in addition to the appeal allowed to the person whose property is assessed and shall be taken in the name of the county, city, town, township, or school district interested and tried in the same manner, except that the notice of appeal shall also be served upon the owner of the property concerning which the complaint is made and affected thereby, or person required to return said property for assessment. Upon trial of any appeal from this action of the board of review fixing the amount of assessment upon any property

concerning which complaint is made, the court may increase, decrease, or affirm the amount of the assessment appealed from.

The appeal was taken by the members of the board of supervisors in the name of the county as directed, but appellant contends that the supervisors are not county officers, and for this reason might not prosecute the appeal. The board of supervisors is composed of three, five, or seven members, and these may be elected by the qualified electors of the entire county or by designated subdivisions of the county. Sections 410, 416, Code, and Code Supp. section 411. Whether elected by a district or the entire county, however, a member acts for the county, and only as a district is a part of the county can he be said to be a representative thereof. Absence from the county, and not his district, vacates the office. Section 414, Code. His duties are as a member of the board through which he acts for the county in the management of its affairs, and only as a committee authorized by the board can he act alone, save as expressly empowered so to do. Section 422 of Code et seq. True, members of the board of supervisors are not enumerated in section 1072, stating when officers mentioned shall be elected, but there was no occasion for this, as the time of their election previously had been defined in section 411 of the Code as amended. That the board may exact reports or additional bonds from county officers, fix their compensation, and fill vacancies occurring, indicates the importance of its functions, rather than that its members are not to be classed as officers of the corporation whose affairs are so largely under their control. The definitions of office and officer were collected in *State v. Spaulding*, 102 Iowa, 639, and in the light of these it is manifest that members of the board are officers, and, as they act solely for and in behalf of the county, there is no escape from the conclusion that they are county officers.

I. Taxation: assessment: who may appeal.

Especially should they be held to be such within the meaning of the statute quoted. That their duties are ordinarily discharged as members of a body, known as the board of supervisors, does not render an individual member any the less an officer, nor signify that he may not alone act when so authorized in behalf of the county. The design of this statute evidently was to render possible the investigation, and, if needs be, correction of inadequate assessments returned by the assessor, and, if this fail or prove unsatisfactory before the board of review, to enable any of the officers designated to cause the matter to be transferred to the courts for adjudication. None of the officers mentioned may more appropriately prosecute such inquiries, especially concerning the adequacy of the assessment of the larger enterprises than the members of the board of supervisors, and we think that in enacting the statute quoted the Legislature intended to include them in naming officers of the county, and that one or more of them may appeal in the name of the county from an adverse decision of the board of review on objections filed before that body.

II. The objections presented to the local board of review were in words following:

That the assessor of said city of Sioux City, Iowa, in making the assessment against said Farmers' Loan & Trust Company for the year 1908, has deducted from the value of the capital stock of said corporation a certain sum or sums for real estate owned by said company not the sum or sums required to be deducted by the statute but other and larger sums; that he has also deducted from said value of said shares of stock large sums which said company claims to have invested in United States government bonds in stock of other corporations and has deducted from the value of said shares of stock other sums for other property owned by said trust company; that no deductions are permitted by the statute for said matters, and that because of said deduction said assessment as made by said assessor is not the true and actual value of said shares of stock in said Farmers' Loan & Trust Company, and is not such an

assessement as is provided by the statute. That the assess-
ment as made by the assessor is not an adequate assess-
ment against said loan and trust company, nor is the same
legal and such an assessment as is required by the statute
to be made.

Appellant insists that these are insufficient, but we.
do not think so. True, they are not specific, but this was
not required. Objections of this kind may be raised in
2. Same: assess-   the most informal way (*Gibson v. Cooley,*
ment: deduc-   129 Iowa, 529; *Burns v. McNally,* 90 Iowa,
tions: objec-
tions.   432; *Investment Co. v. Ft. Dodge,* 125 Iowa,
148), and are as specific as required, if they indicate
with reasonable certainty the matters in the assessment
to which exception is taken. Thus it is said above that
"the assessment made is not an adequate assessment" against
appellant. No one will doubt but that this means that it
was too small in amount. Without adducing figures and
entering into an argument, this is about as definite as could
well be exacted. Again, the legality thereof is challenged
as not being in conformity to statute. What was intended
thereby plainly appears from what precedes in pointing
out that deductions said not to be authorized by law had
been made. Thus it is said the sums deducted for real
estate were not those directed to be deducted by statute,
and within this objection would be included the error of
deducting the value of real estate instead of the amount
of capital actually invested therein (section 1322, Code),
or the value as the same has been assessed. *Valley Inv.
Co. v. Des Moines,* 152 Iowa, 84. Of course, deduc-
tions of sums invested in United States bonds were per-
missible under the ruling in the *Home Savings Bank v.
Des Moines,* 205 U. S. 503 (27 Sup. Ct. 571, 51 L. Ed.
901), but the objections do not concede that there were such
investments merely that the company claimed to have made
same, and this is true with respect to stocks in other cor-
porations and other property. The assessment roll may not

show some of these deductions, but the objections are that they were made and improperly so. The objections can not be fairly construed otherwise than as challenging the validity of all deductions and the adequacy of the assessment as finally entered against the company. The character of the company is disclosed in the record only by its name, but in argument it is assumed to be a domestic corporation, and, though its capital surplus and undivided profits seem to have been assessed instead of its shares of capital stock, this irregularity was not and could not well have been complained of by either party. The construction of the statutes relating to the assessment of shares of capital stock in such corporation as given by this court should be followed in making assessments, even though the Supreme Court of the United States may have interpreted them otherwise in reaching its conclusion in *Home Savings Bank v. Des Moines, supra.* See *First National Bank v. Independence,* 123 Iowa, 482, and cases cited. Some reference is made in argument to what appeared before the board of review. It is enough to say this might not be considered in ruling on the motion to dismiss. The statute authorized a hearing *de novo* in the district court, and in overruling such motion the court rightly held that the issues raised by the objections were to be heard there on such evidence as might be adduced. The entry of the court's ruling recites that the motion to dismiss was overruled, but contains no reference to the application to transfer the cause to the equity side of the calendar.

Though both parties construe the order as denying such application, we have discovered nothing in the record so indicating. To avoid any confusion in the premises, appellant will be permitted to renew such application in the district court where the right accorded by statute undoubtedly will be respected.—*Affirmed.*