FRANK BISSELL, Appellant, v. THE BOARD OF REVIEW OF THE TOWN OF DUNLAP.

**Taxation:** LAND CONTRACT: OPTION. A contract respecting the sale of land which amounts simply to an option to buy is not taxable as moneys and credits. In the instant case the provisions of a lease giving the lessee a right to purchase on the payment of a stated sum at a specified time is held to be an option rather than a contract of sale, and therefore not taxable.

*Appeal from Harrison District Court.*—HON. O. D. WHEELER, Judge.

FRIDAY, DECEMBER 13, 1912.

IN a proper proceeding before the board of review of assessments for taxation in the town of Dunlap, the plaintiff's objections to the assessment to him for taxation for the year 1911, as moneys and credits, of a certain lease made by him to one Koll bearing date of October 10, 1908, were overruled. Plaintiff appealed to the district court, where his

objections were again overruled, and he now appeals to this court.—*Reversed.*

*H. H. Roadifer,* for appellant.

*S. H. Cochran,* for appellee.

McCLAIN, C. J.—In October, 1908, plaintiff, being the owner of a farm consisting of 280 acres in Monona county, executed with one Koll a written instrument purporting in the main to be a lease of the premises as farm property for a term of ten years, with privilege of extension of five years, at an annual rental of $760, payable on the 1st day of March of each year, Koll as tenant, to pay taxes, keep the premises in repair, and keep the buildings insured. The instrument contained the other provisions of a farm lease with conditions of forfeiture, etc.; but it contained also the following provisions not appropriate to an ordinary lease:

The lessors agree to sell said premises to said Nick Koll, his heirs, executors or assigns for the sum of $15,200, provided payment thereof is made on the first day of March of any year during the term of this lease. Payment of rent promptly on or before the day it becomes due is the essence of this contract. Upon the failure of the lessee to perform any act of this contract to pay the said rent or the taxes, or any condition therein agreed to be performed, this lease becomes canceled and of no effect, except for rent or taxes due, and the lessee's option of purchase stated above is lost. When the lease is canceled, lessor agrees to give to the lessee a good and sufficient warranty deed to said premises upon the payment of the said sum of $15,200.00 (fifteen thousand two hundred dollars) as provided above. Abstract to be furnished, showing the title in the grantor.

It further appears that by agreement of the parties Koll paid $3,000 in cash to the plaintiff when the lease was executed, and that this amount, added to the $15,200 which Koll was to pay plaintiff on electing to purchase the property during

the continuance of the lease, made up the agreed purchase price of the property, and that the rent stipulated for was fixed on the basis of five per cent, on the deferred payment. It further appears from the testimony of Koll that it was understood between him and plaintiff that the only right he acquired with reference to the property was to occupy it as a tenant, unless he exercised his option as specified in the instrument, and that, if he allowed the lease to expire or be terminated without exercising such option, the $3,000 paid in advance would be forfeited. There was no evidence that there was any agreement or understanding between the parties that Koll should have any other or greater rights in the property than those provided for in the instrument.

We reach the conclusion that the right which Koll acquired in addition to the other rights as tenant for the specified term was an option to buy the property on making an additional payment of $15,200 without interest, the rental agreed upon being a substitute for interest, and that, on failing to make such payment within the time and in the manner specified in the lease, his option would fully and completely terminate, with the result that plaintiff had no right to compel the payment of the additional $15,200 by Koll, and that Koll had no right to enforce any contract of purchase otherwise than by exercising the option provided for. Under this view of the relations of the parties, the contract between them was not a contract of purchase in such sense that it could properly be assessed to plaintiff as moneys and credits. *Schoonover v. Petcina,* 126 Iowa, 261; *In re Assessment of Shields,* 134 Iowa, 559.

Appellee relies upon circumstances as tending to show an intent on the part of plaintiff to conceal the real nature of the transaction and to evade taxation; but we find no circumstances which would justify us in holding that there was a binding contract between Koll and plaintiff for the unconditional purchase of the land. The advance payment of $3,000 would, of course, strongly indicate that Koll intended to exer-

cise his option within the fifteen-years period provided for in the lease, and that he secured his option partly in consideration of such advance payment; but it does not follow that plaintiff could enforce the payment by Koll of the remainder of the purchase price. Other circumstances such as that Koll made some improvements by putting a new roof on the barn and building a corncrib out of old lumber on the place do not indicate that the contract was not what it purported to be. Koll was under obligation as tenant to keep the premises in repair, and, having a lease for a long term, might very well build a corncrib out of old lumber without indicating any other intention than that to which he testified, the intention to occupy as tenant and exercise his option if he saw fit to do so. The further circumstances disclosed in the record that plaintiff paid a real estate agent $1 per acre for procuring Koll as a purchaser, and that Koll has since listed the farm for sale, are not in our judgment inconsistent with the conclusion that the written instrument expressed the real intent of the parties. Plaintiff may have been satisfied to pay a commission for procuring Koll as a prospective purchaser with whom such a contract was made, and Koll, having the option to take the title to the property at any time on paying the balance of the purchase price, may well have assumed that he could sell the farm at such advance in price as would justify him in exercising his option.

Counsel for appellee rely upon the evidence as establishing a fraudulent evasion of taxation. It is true that the terms of the contract are not conclusive, and that, if the real agreement was that Koll should be bound to pay in any event the balance of the purchase price, then plaintiff was assessable for the value of such contract as moneys and credits. *Meyer v. Dubuque County*, 49 Iowa, 193. But the fact that the plaintiff, desiring to avoid the obligation to pay taxes which would rest upon him if he made a binding contract of sale to Koll (notwithstanding the fact that the taxes on the land itself were to be paid by Koll under the terms of the lease), saw fit

to enter into a different kind of an arrangement, less favorable to him in some respects, which would not involve the payment of taxes on the balance of the purchase price until it was actually paid, would not constitute any fraudulent evasion of taxation. Persons have the right to invest their money in property or to otherwise contract with a view of not assuming the burdens of taxation if they see fit to do so, provided, of course, they act in good faith, and not with the intention of concealing or withholding from taxation that which is in fact or law subject to taxation. *Ottumwa Savings Bank v. City of Ottumwa,* 95 Iowa, 176. While double taxation effected by exacting a tax upon land and an independent tax upon a contract for the sale of the same land is not unconstitutional, on the other hand, we would not feel justified in branding as fraudulent a transaction made in good faith by which double taxation should be avoided.

The trial court therefore erred in holding that the contract evidenced by the written instrument conferring upon Koll an option to purchase on specified terms gave rise to a taxable credit in the hands of plaintiff; and the decision of the court is therefore—*Reversed.*