H. E. LUNDE, Appellee, v. TOWN OF SLATER, Appellant.

TAXATION: Option Contract—Money and Credits—Assessment. An
1 instrument where one party agrees to sell to another an *option* to purchase real estate, and a cash payment is made, and possession of premises, with use and benefit thereof, is given to the party having right to purchase during entire period of contract, with right to elect not to purchase during the time, and to forfeit all payments, and with right to warranty deed when entire price has been paid, construed to be an *option*, and not a contract of sale, and as such, held not assessable for taxes.

TAXATION: Assessment—Board of Review—Sufficiency of Objec-
2 tion. The objection that contract was not assessable as *money and credits*, made before the board of review, raises sufficiently, under Section 1373, Code Supplement, 1913, the question that the contract was an *option* contract, and not taxable.

*Appeal from Story District Court.*—E. M. McCALL, Judge.

MARCH 11, 1919.

THIS case involves an appeal from the action of the town council of defendant town, sitting as a board of review, in raising the assessment for moneys and credits against appellee $25,000, on account of a contract which appellee says was an option contract, and not properly assessable as moneys and credits; but appellant contends that it is a contract of sale for the sale of real estate, and

has been so treated by the parties, and is properly assessable, and that the contract was drawn for the purpose of evading taxation. The district court held that the instrument was an option contract, and not, therefore, assessable, and accordingly reduced plaintiff's assessment in the amount that he had been assessed thereon. The defendant appeals. —*Affirmed.*

*Bert B. Welty,* for appellant.

*Lee, Garfield & Coyle,* for appellee.

PRESTON, J.—1. Appellant says that the only question is as to whether, under the law, the instrument in question was such an instrument as to be subject to taxation. Appellee cites a number of authorities to the proposition that an option contract is not assessable, and appellant concedes in argument that, if the contract in question is an option contract, then it is not assessable. The contract, executed March 1, 1915, between H. E. Lunde and wife, first parties, to J. E. Sheldahl, second party, is quite lengthy, and we do not deem it necessary to set out all of it. So much thereof as appears to be material is that:

1. TAXATION: option contract: money and credits: assessment.

"First parties agree to sell to the party of the second part * * * an option to purchase certain described real estate, consisting of about 158 acres; in case such option is exercised on the part of second party, he will pay $31,500; second party will pay first parties $4,500 on the execution of this agreement, the receipt hereof is acknowledged; second party is hereby placed in possession of said premises and shall have the use and benefit thereof, and shall pay to the first parties the further sum of $27,000 on or before March, 1920; the second party shall have the entire period of the term of this contract in which to make his election to exercise the right to purchase the said land, and in case he should, at any time, elect not to conclude

the purchase of same, he may remove from the said premises, and give up possession thereof to first parties, and shall be held to forfeit all payments made by him on this contract, as rent for said premises; if any default is made in any part of the payments or agreements mentioned, second party shall have no claim in law or equity against the other, nor to the above-mentioned real estate; if the consideration is paid promptly, at the time or times agreed upon, first parties will, on receiving the said sums of money, as provided in the contract, execute and deliver a good and sufficient warranty deed of said premises to second party."

The evidence bearing upon the questions involved, including the intention of the parties, is, briefly, that plaintiff is the father-in-law of Sheldahl; Sheldahl has tiled the farm, and kept up the fences, since the contract was made, and has paid $500 additional, and interest, and has occupied and managed the farm, and paid the taxes. The reason given by plaintiff for making the contract was that he was tired of farming. It further appears that plaintiff told the person who drew the contract what the arrangement was, and that the contract was drawn pursuant thereto; that plaintiff was going to give Sheldahl an opportunity to go on the farm, with the privilege of buying it in the future; that, after the details had been stated to witness, he says that the only thing he could figure out of it was an option, and that he drew the option contract accordingly. Plaintiff testifies that Sheldahl has never, at any time, exercised the right to buy this land, or agreed to buy it and pay for it; that there is no other contract or arrangement but the one set out; that he intended that his son-in-law should have the right to take the farm or not take it, at any time within five years; he intended to give him a chance to do that; he never understood he could hold him to pay the purchase price, unless he elected to buy the farm; that he couldn't get the money unless Sheldahl took the land. Shel-

dahl testifies that there was no other agreement or arrangement than the written contract, and that he has never elected to buy the farm; that he has until 1920 to do so; that he paid the $500 in addition to the amount due, as rent, and that he could apply this on rent if he wished to, and that such was the understanding when he paid it; that he has to pay the $27,000 if he exercises a right to get a deed. As said, appellant concedes that, if the contract in question is an option contract, it is not assessable. This being so, it leaves the sole question as to whether or not it is an option contract. Appellant's first objection is that the word "option" is used, and that it is thrown in for the purpose, as it contends, of having the contract found to be nonassessable. Their next objection is to the clause giving Sheldahl the entire term of the contract to make his election.

We think a proper construction of the contract is that it is an option. Sheldahl is not compelled to take the property, and he has not elected to do so, and plaintiff has not the right, under the contract, to compel Sheldahl to take the land, if Sheldahl should elect not to do so. Clearly, the parties had a right to contract that Sheldahl should have the full term of the contract, in which to make the election. It may be, and is probably, true that plaintiff expected Sheldahl to take the land at some time during or at the end of the five years, and that Sheldahl expected to take it, but that, because of the war, the scarcity of labor, scarcity of money, inability of Sheldahl to raise the amount of money required to be paid, or any other reason, Sheldahl could not be compelled to take the land unless he so elected, and plaintiff could not compel him to do so. True, Sheldahl might lose some of the money paid, either as rent or interest, but conditions might arise by which he might be compelled to, or he might prefer to, lose something in that way, rather than to elect to carry out his con-

tract. The payment by Sheldahl of $500 additional does not constitute an election by him to take the land. He would simply stand to lose that much more, if he failed to make the election to take the land, and this amount is not a large sum, as compared with the total purchase price. Appellant's citations on the law of the case are, for the most part, as to rules for construction of contracts, and that the intention of the parties must govern. Numerous authorities are cited by appellee to sustain his proposition that the contract in question is a mere option; that the contract cannot be enforced until Sheldahl has made his election; that the contract is not a contract to sell the property, but gives the privilege to buy at the option of the other party; that it provides only for the right of election of Sheldahl to exercise a privilege, and then only when that privilege has been exercised by acceptance does it become a contract to sell. Among the authorities cited are *Bissell v. Board of Review,* 158 Iowa 38; *Hopwood v. McCausland,* 120 Iowa 218; *In re Assessment of Shields Bros.,* 134 Iowa 559; *Schoonover v. Petcina,* 126 Iowa 261, 262; *Low v. Young,* 158 Iowa 15; *Sheehy v. Scott,* 128 Iowa 551; *Hamburger v. Thomas,* (Tex.) 118 S. W. 770; *Barnes v. Rea,* 219 Pa. 279 (68 Atl. 836); *McGregor v. Ireland,* 86 Kan. 426 (121 Pac. 358); and other cases. We shall not take the time to review these cases, or restate the argument and reasoning therein. For the most part, they sustain the proposition. The case does not fall within the rule announced in *Rampton v. Dobson,* 156 Iowa 315, where it was held that the contract was a binding contract of sale, which plaintiff might have enforced at any time by suit. Neither does the instant case fall within the rule of *Montgomery v. Marshall County,* 152 Iowa 161, where a contract of sale of real property was attempted to be modified for the mere purpose of fraudulently evading taxation.

2. It is next contended by appellant that appellee is

confined to the objection urged before the board of review, and cannot urge new objections on the trial of the case (citing *Barhydt v. Cross*, 156 Iowa 272). In that case, plaintiff, in making his protest before the board of review, made no such claim as he insisted upon on appeal. The record of the board of review here shows that the appellee appeared before the board of review, and gave his reasons why the assessment, as established by the board, should not stand. In addition to this record, three members of the board testified on the trial that plaintiff claimed that the contract was not assessable as moneys and credits. This was not very specific, it is true, but the board understood the nature of plaintiff's complaint. The statute, Code Supplement, 1913, Section 1373, provides that one objecting, may make oral or written complaint to the board, which shall consist of a statement of the errors complained of, with such facts as may lead to their correction. We think the objection was sufficient. *In re Assessment of F. L. & T. Co.*, 155 Iowa 536, 542; *Burns v. McNally*, 90 Iowa 432; *Wahkonsa Inv. Co. v. City of Ft. Dodge*, 125 Iowa 148; *Gibson v. Cooley*, 129 Iowa 529.

2. TAXATION: assessment: board of review: sufficiency of objection.

The decision of the trial court was right, and it is—
*Affirmed.*

LADD, C. J., EVANS and SALINGER, JJ., concur.